[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 16, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-13503
Non-Argument Calendar

_____

BIA No. A95-264-896

JUAN CARLOS SIERRA PEDRAZA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of
the Board of Immigration Appeals

_____

**(June 16, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Carlos Sierra Pedraza, a Colombian national, seeks relief from a final

order of removal.  Pedraza contends that his right to due process of law was

violated when the Immigration Judge (IJ) refused to consider evidence allegedly relevant to whether Pedraza established "extraordinary circumstances" so as to excuse his failure to file timely his application for asylum. Pedraza also contends that he is entitled to withholding of removal based upon a well-founded fear of persecution on account of his political opinion. We deny the petition.

We lack jurisdiction to consider Pedraza's due process claim. Under 8 U.S.C. section 1158(a)(2)(B), an alien may not apply for asylum unless he demonstrates, by clear and convincing evidence, that the application has been filed within one year of his arrival in the United States. Although a late application for asylum may be considered if changed or extraordinary circumstances exist, the evaluation of those circumstances is committed to the sole discretion of the Attorney General. See 8 U.S.C. § 1158(a)(3). The decision of the Attorney General "is not reviewable by any court." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002) (per curiam). We dismiss the petition with regard to this issue.

Pedraza also cannot establish that the IJ erred when he denied Pedraza's request for withholding of removal. Pedraza contends that he established a well-founded fear of persecution on account of his political opinion. We cannot, however, reverse the factual findings of the IJ unless the record compels it.

2

Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). The record in this case does not compel a contrary result, because substantial evidence supports the findings of the IJ. See id.

Pedraza offered no evidence other than his own testimony to support his request for withholding of removal, and the IJ found Pedraza not credible. The IJ found that Pedraza applied for a visa a month before Pedraza allegedly was kidnapped. The IJ also found that Pedraza was active politically for several years before the FARC allegedly began to harass Pedraza. The IJ found that Pedraza did not report the harassment by the FARC to the police, and members of Pedraza's family continued to live in Colombia without incident.

Based on that evidence, the record does not compel a contrary finding that Pedraza was credible. Because an adverse credibility determination alone may be sufficient to support the denial of withholding of removal, and Pedraza offered no other evidence, the IJ did not err when he denied Pedraza's request for withholding of removal. See id.

**PETITION DISMISSED IN PART AND DENIED IN PART.**