[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 11, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14181
Non-Argument Calendar

_____

Agency Nos. A96-095-080
& A96-095-081

RAMIRO VEGA ANGULO,
AMPARO CRUZ, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 11, 2005)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Ramiro Vega Angulo petitions for review of the Board of Immigration Appeals' ("BIA") final order affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").[1] After review, we deny Vega Angulo's petition in part and dismiss it in part.[2]

On January 29, 2001, Vega Angulo, a native and citizen of Colombia, entered the United States as a non-immigrant visitor. Vega Angulo subsequently submitted an application for asylum, withholding of removal, and CAT relief,[3] alleging persecution on account of his political opinion and membership in a particular social group: the Liberal Party.

The IJ denied Vega Angulo's application for asylum, withholding of removal, and relief under the CAT. The IJ found that Vega Angulo's asylum

---

[1]Vega Angulo is the primary applicant. Vega Angulo's wife and two children are derivative applicants and, therefore, rely on his asylum application.

[2]Because Vega Angulo's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"), govern his petition for review.

[3] Angulo does not raise any challenge in his brief to the denial of relief under the Convention Against Torture (CAT). When an appellant fails to offer argument on an issue, that issue is abandoned. See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

application was time barred, and that he had not established exceptional and/or extraordinary circumstances for not filing within one year of his arrival.[4]  As for Vega Angulo's application for withholding of removal, the IJ concluded that Vega Angulo's testimony was uncorroborated, unsubstantiated, and "incredible." Accordingly, the IJ determined that Vega Angulo had failed to meet his burden of proof for withholding of removal or relief under the CAT.

The BIA summarily affirmed the IJ's decision, and Vega Angulo filed the present petition for review.

With regard to Vega Angulo's asylum application, the IJ determined that his application was untimely.  This Court is without jurisdiction to review the IJ's finding that Vega Angulo's asylum application was untimely, and his petition for review of that decision is dismissed for lack of jurisdiction.  See Fahim v. United States Att'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002).  However, we have jurisdiction to entertain Vega Angulo's constitutional challenge to the one-year time bar for filing asylum applications.

---

[4]An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). .  However,

> [a]n application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . .

8 U.S.C. § 1158(a)(2)(D)

Although we have jurisdiction to entertain Vega Angulo's constitutional challenge, his claim is without merit. Accordingly, we deny Vega Angulo's petition for review to the extent it raises a constitutional challenge to the one-year time bar.

Lastly, Vega Angulo makes a passing reference to the IJ's denial of withholding of removal. However, Vega Angulo fails to identify a standard of review or make any citations, authority, or argument regarding the denial of withholding of removal. Such a failure is fatal to Vega Angulo's appeal of this issue, and we conclude that his argument as to withholding of removal has been waived. See INS v. Cardoza-Fonseca, 480 U.S. 421, 429 n.6, 107 S. Ct. 1207, 1212 n.6 (1987) (explaining that "[a]sylum and withholding of removal are two distinct forms of relief" and distinguishing between the two).

PETITION DENIED IN PART, DISMISSED IN PART.