[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 22, 2005
THOMAS K. KAHN
CLERK

No. 04-15472
Non-Argument Calendar

_____

BIA No. A95-903-923

PROMISE LOSSE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

**(July 22, 2005)**

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Promise Losse petitions for review of the Board of Immigration Appeals's (BIA) order affirming without opinion the Immigration Judge's (IJ's) denial of asylum and withholding of removal under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture and other Cruel, Inhumane, and Degrading Treatment or Punishment (CAT) . We deny her petition.

## I.  BACKGROUND

Losse, a citizen of Haiti, seeks asylum and withholding of removal on the basis of her political opinion and membership in a particular social group. Specifically, Losse asserts she was persecuted when members of the public threw rocks at her while she was volunteering to count votes in the Electoral Office for President Preval in 1996. Losse also asserts that, in 1998, she became a member of the "Mobilisation Pour Le Developpment National" (MDN), a group involved in the Democratic Convergence movement, and that she was persecuted when two alleged police officers entered a meeting and arrested some of the members. She was not physically harmed, and only suffered the threat of arrest. After this incident, Losse allegedly went into hiding in Haiti and claims her name was on a list of people to be killed. Thereafter, Losse traveled to St. Martin and later entered the United States.

2

## II. DISCUSSION

The BIA summarily affirmed the IJ's decision, pursuant to 8 C.F.R. § 1003.1(e)(4). Legal determinations are reviewed de novo. *D-Muhumed v. United States Attorney Gen.*, 388 F.3d 814, 817 (11th Cir. 2004). Factual determinations are reviewed under the substantial evidence test, and we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Antipova v. United States Attorney Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004) (quotation omitted). Under this highly deferential standard of review, we must defer to the BIA's decision if it is supported by substantial evidence, unless the evidence "compels" a reasonable factfinder to find otherwise. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1 (1992).

A. *Denial of asylum*

An alien who arrives in or is present in the United States may apply for asylum. 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality
> . . . who is unable or unwilling to return to, and is unable or unwilling
> to avail himself or herself of the protection of, that country because of
> persecution or a well-founded fear of persecution on account of race,

religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. *D-Muhumed*, 388 F.3d at 818. To establish asylum eligibility based on political opinion or any other protected ground, the alien must, with credible evidence, establish (1) past persecution on account of her political opinion, membership in a particular social group, or any other protected ground, or (2) a well-founded fear her political opinion, membership in a particular social group, or any other protected ground will cause future persecution. *Sepulveda v. United States Attorney Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (citing 8 C.F.R. § 208.13(a), (b)). "[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Id.* at 1231 (quotations omitted). "[A]n applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Id.* (quotation omitted). Establishing a nexus between the statutorily listed factor and the feared persecution "requires the alien to present specific, detailed facts showing a good reason to fear that he or she

4

will be *singled out* for persecution on account of" the statutorily listed factor. *D-Muhumed*, 388 F.3d at 818 (quotation omitted).

A "well-founded fear" of future persecution may be established by showing (1) past persecution which creates a presumption of a well-founded fear and overcomes any rebuttal by the INS, (2) a reasonable possibility of personal persecution that cannot be avoided by relocating within the subject country, or (3) a pattern or practice in the subject country of persecuting members of a statutorily defined group of which the alien is a part. 8 C.F.R. § 208.13(b)(1), (2).

Substantial evidence supports the IJ's conclusion that Losse failed to show she suffered past persecution, or had a well-founded fear of future persecution, on account of a protected ground. As for Losse's past persecution, the limited incidents described by Losse do not amount to the "extreme concept" of past persecution for several reasons. First, Losse concedes she was not physically harmed in Haiti, and she only suffered the threat of arrest. Generally, neither verbal harassment nor threats constitute persecution. *Sepulveda*, 401 F.3d at 1231. Second, the evidence in the record did not establish Losse was an active member of the MDN and, thus, was persecuted on account of her membership. Specifically, Losse conceded she did not participate in any MDN activities besides attending meetings, and, while she knew the name of the president, she did not

5

know the names or the fates of any other members. Third, there is no indication Losse came to the United States to avoid persecution; she was in St. Martin for more than two years before arriving in the United States, and she testified she left St. Martin without seeking asylum there. Furthermore, Losse testified she could not go back to Haiti due to her daughter's poor health. And fourth, the rock-throwing incident in 1996 does not amount to the "extreme concept" of persecution because it was nothing more than an isolated incident involving intimidation. *See id.* Accordingly, substantial evidence supports the IJ's finding that Losse failed to establish past persecution on the basis of her political opinion or membership in a particular social group.

As for Losse's fear of future persecution, she testified she did not participate in the MDN besides attending meetings. Furthermore, Losse did not know whether other members actually had been arrested during the meeting. Losse conceded she did not know the affiliations of the men who came into the meeting, and the 2002 Country Report indicates there were no reported instances of mistreatment of repatriated migrants. Finally, Losse did not testify regarding her ability to relocate within Haiti. Thus, Losse cannot meet her burden of establishing that the option of relocating within Haiti is unavailable, and, in any

event, the IJ designated St. Martin as the primary country of removal. In sum, Losse did not demonstrate she will face persecution if she returns to Haiti.

Losse failed to establish past persecution or a well-founded fear of future persecution on account of her political opinion. Thus, the IJ did not err in denying asylum.

B. *Denial of withholding of removal*

The IJ's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. *See Al Najjar v. Ashcroft*, 257 F.3d 1262, 1283-84 (11th Cir. 2001). An alien is entitled to withholding of removal under the INA if he can show his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. *Mendoza v. United States Attorney Gen.*, 327 F.3d 1282, 1287 (11th Cir. 2003). The alien bears the burden of demonstrating it is "more likely than not" he will be persecuted or tortured upon being returned to his country. *Fahim v. United States Attorney Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002). If, however, "an applicant is unable to meet the well-founded fear standard for asylum, he is generally precluded from qualifying for either asylum or withholding of deportation." *Al Najjar*, 257 F.3d at 1292–93 (quotations omitted).

To obtain withholding of removal under the CAT, the burden is on the applicant to establish that it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2).

> Torture is defined as any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The IJ must consider all evidence relevant to the possibility of future torture, including evidence the applicant could relocate to a part of the country where he is not likely to be tortured. 8 C.F.R. § 208.16(c)(3)(ii). The burden of proof for an applicant for withholding of removal under the CAT, as with the applicant under the INA, is higher than the burden imposed on an asylum applicant. *Al Najjar*, 257 F.3d at 1303.

Because Losse failed to meet the lower standard of proof to show she was qualified for asylum, she did not establish she was entitled to either withholding of removal or CAT relief, both of which have a higher burden of proof. Thus, the IJ did not err in denying her request for withholding of removal or CAT relief.

8

## III.  CONCLUSION

Substantial evidence supports the IJ's determination to deny asylum and withholding of removal under the INA and CAT, and we find no error. Accordingly, we deny Losse's petition.

**PETITION DENIED.**