[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 22, 2005
THOMAS K. KAHN
CLERK

No. 05-10339
Non-Argument Calendar

_____

Agency Docket Nos. A95-263-445
& A95-263-446

JAIME EDUARDO DELGADO,
NUBIA PAMELA RIVEROS,

Petitioners,

versus

U.S. ATTORNEY GENERAL,
DEPARTMENT OF JUSTICE,

Respondents.

_____

Petition for Review from a Decision
of the Board of Immigration Appeals

_____

(July 22, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Jaime Eduardo Delgado ("Delgado") and Nubia Pamela Riveros ("Riveros") (collectively "Petitioners"), husband and wife, are natives and citizens of Colombia, S.A. They seek review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of an Immigration Judge ("IJ") denying their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[1] Petitioners asked for asylum and withholding of removal on the basis of Delgado's religion, political opinion, and membership in a particular social group. Specifically, they assert that Delgado was a member of a religious group called "Pocalana" that opposed the guerillas, and that he was threatened on several occasions and beaten with a handgun on one occasion. The Government responds that (1) we do not have jurisdiction to review the denial of Petitioners' asylum application because the BIA determined that their asylum application was time-barred and (2) the claim for withholding of removal lacks merit.

Because Petitioners' removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant

_____

[1] The petitioners abandoned any argument relating to the denial of relief pursuant to the United Nations Convention Against Torture and other Cruel, Inhumane, and Degrading Treatment or Punishment ("CAT") by failing to raise an argument on this issue in their brief on appeal. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), govern their petition for review. When the BIA issues a separate decision, we review only that decision, "except to the extent that [the BIA] expressly adopts the IJ's opinion." Reyes-Sanchez v. U.S. Attorney Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). We address Petitioners' claims for asylum and withholding of removal in turn.

I.

The INA provides that an asylum application must be filed within one year of the aliens arrival in the United States. INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). The INA also provides that an untimely asylum application may be considered "if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application . . . ." INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). The INA expressly provides that "[n]o court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)" of INA § 208(a), 8 U.S.C. § 1158(a). INA § 208(a)(3), 8 U.S.C. § 1158(a)(3). Furthermore, we have held that, "[p]ursuant to 8 U.S.C. § 1158(a)(3), the Attorney General's decision regarding whether an alien complied with the one-year time limit or established

3

extraordinary circumstances, such that the time limit should be waived, is not reviewable by any court." Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1217 (11th Cir. 2002).

Based upon the language of INA § 208(a)(3), 8 U.S.C. § 1158(a)(3), and upon our decision in Fahim, 278 F.3d at 1217, we lack jurisdiction to consider Petitioners' asylum claims. We therefore dismiss the petition for review as to those claims.

## II.

The BIA's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. See Al Najjar v. U.S. Attorney Gen., 257 F.3d 1262, 1283-84 (11th Cir. 2001). "This means that we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. at 1284 (quotation omitted). This test is "highly deferential, and . . . we must defer to the BIA unless a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id. (quotation omitted).

An alien is entitled to withholding of removal under the INA if he can show that his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion.

4

Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). See also INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien bears the burden of demonstrating that it is "more likely than not" he will be persecuted or tortured upon being returned to his country. Fahim, 278 F.3d at 1218.

We conclude that substantial evidence supports the BIA's determination that Petitioners failed to establish that it is more likely than not that Delgado will be persecuted if returned to Colombia. Except for one incident, his alleged persecutors did not identify themselves as guerillas. And as for that incident, it is unclear whether it was related to his religious or political activities. He continued his religious and political activities notwithstanding several threats. Finally, he admitted that his family still lives in Colombia, and with the exception of one isolated incident in which his brother was beaten because of his former military service, his family has had no conflicts with the guerillas.

PETITION DISMISSED, in part; DENIED, in part.