[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15013
Non-Argument Calendar

_____

BIA No. A77-297-106

MEI SHAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 19, 2006)

Before DUBINA, BLACK and HULL, Circuit Judges.

PER CURIAM:

Mei Shao petitions for review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) denial of her application for withholding of removal and relief under the Immigration and Nationality Act (INA) and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT). Shao, a Chinese citizen, asserts she is entitled to asylum, withholding of removal, and CAT relief because she was forced to have an abortion after becoming pregnant out of wedlock. The IJ denied her application because it found her not credible, and Shao challenges this determination on appeal.[1] After review, we deny Shao's petition.

The IJ found Shao was not credible because of material, unexplained inconsistencies regarding the circumstances surrounding the alleged abortion in her asylum application, testimony before the IJ, and testimony in prior hearings. The BIA affirmed this finding.[2] We review factual determinations, including

---

[1] Shao also challenges the IJ's determination that she could not establish a well-founded fear of future persecution because she and her husband could return to China and have a child. We need not address this argument because, as explained below, the IJ's adverse credibility determination is supported by substantial evidence. Furthermore, to the extent Shao argues she is entitled to relief because the alleged abortion rendered her sterile, we reject this argument. Shao has failed to provide any evidence that she is no longer able to conceive.

[2] The Government argues Shao failed to exhaust her administrative remedies with respect to her challenge to the IJ's adverse credibility finding. We disagree. In her notice of appeal to the BIA, Shao stated as a ground for the appeal that the IJ erred in finding her testimony was not consistent, detailed, and wholly credible. Thus, Shao's notice of appeal put the BIA on notice that she was challenging the IJ's credibility finding, which satisfies the exhaustion requirement under 8 U.S.C. § 1252(d).

The Government is correct, however, that Shao failed to exhaust her administrative remedies in one respect. On appeal, Shao challenges the IJ's determination that an alleged

2

credibility determinations, using the substantial evidence test. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). We will affirm the IJ's decision if it "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation omitted). We may only reverse if we "find that the record not only supports that conclusion, but compels it." *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (quotation omitted).

The IJ must make an explicit credibility determination. *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005). "If the applicant produces no evidence other than his testimony, an adverse credibility determination is alone sufficient to support the denial of an asylum application. If, however, the applicant produces other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Forgue*, 401 F.3d at 1287. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Id.*

Here, the IJ made an explicit adverse credibility determination and gave specific, cogent reasons for that determination. The IJ's findings are supported by

abortion certificate she sought to introduce was not reliable. Shao made no such argument before the BIA and, therefore, did not exhaust her remedies as to this argument as required by § 1252(d).

substantial evidence. A main inconsistency noted by the IJ was the inconsistency between Shao's asylum application and her testimony concerning whether she was employed in China. Contrary to Shao's argument, the record does not compel the conclusion that this inconsistency was minor and did not go to the heart of her claim.[3] Shao's testimony suggests that, because she was always vomiting, someone at the factory found out she was pregnant and called the authorities. Thus, her work at the factory is relevant to the discovery of her pregnancy by family planning officials. Nor does the record compel the conclusion that Shao provided a plausible explanation for the inconsistency. Although Shao testified that she worked in China and told her attorneys about her employment, she could not explain why her application listed her as unemployed. Furthermore, her explanation that she did not know what the application said and that it was not read back to her when it was filed with the court is contradicted by her testimony in a previous hearing that she was aware of the contents of the application and had read it over.

---

[3] Congress recently amended the law regarding credibility determinations, but the law only applies to applications for asylum filed after May 11, 2005. REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 101(h)(2). Under this law, the credibility determination is based on the totality of the circumstances, which may include inaccuracies or falsehoods that do not go to the "heart of the applicant's claim." *Id.* at § 101(a)(3). As Shao filed her application in 2000, the law is not applicable in this case. In any event, we need not decide whether inconsistencies must always go to the heart of an asylum claim because the inconsistencies here are not minor.

The record does not otherwise compel reversal of the IJ's finding. Most importantly, Shao made no mention of a forced abortion during her initial interview with immigration officials. Her suggestion that she mentioned the abortion but the officials did not hear her is contradicted by her sworn statement that the document containing her interview responses was a full, true, and correct record of the interrogation. Shao also failed to provide any corroborating evidence of the alleged abortion, despite having ample time to do so.[4] *See Yang v. Unites States Attorney Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) ("The weaker an applicant's testimony . . . the greater the need for corroborative evidence."). Other than her testimony, Shao submitted only a 2001 Country Report and various articles. Without credible testimony, however, the Country Report and articles do not help Shao's claim. Accordingly, the IJ's adverse credibility finding is supported by substantial evidence, and nothing in the record compels this court to reverse the IJ. We thus deny Shao's petition for review.

**PETITION DENIED.**

---

[4] Shao offered an alleged abortion certificate, which the IJ determined was not reliable. As explained above, we lack jurisdiction to review this determination because Shao failed to exhaust her administrative remedies.