[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 09, 2002
THOMAS K. KAHN
CLERK

_____

No. 01-11597
Non-Argument Calendar

_____

INS Docket No. A75-788-403

SAMAD RADAMIS FAHIM,

Petitioner,

versus

U. S. ATTORNEY GENERAL,
IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of the
Immigration and Naturalization Service

_____

**(January 9, 2002)**

Before TJOFLAT, BIRCH and RONEY, Circuit Judges.

PER CURIAM:

This case is a challenge to the Board of Immigration Appeals' (BIA) affirmance

of an order denying relief from an order of removal and deportation. Samad Radamis

Fahim, a native and citizen of Egypt, was admitted to the United States as a non-immigrant student in 1990. He stopped attending school in 1996, and in 1999 he was issued a Notice to Appear before the Immigration and Naturalization Service (INS), charging that he failed to comply with the conditions of the status under which he was admitted. An Immigration Judge (1) found he was subject to removal and deportation pursuant to the Notice to Appear (an order not appealed), (2) held that his request for asylum was untimely, and (3) denied on the merits his application for withholding deportation and Torture Convention relief on the ground that his life, health, and freedom would be threatened should he return to Egypt. The BIA affirmed the denial. Fahim appeals. We affirm.

As to the denial of the request for asylum as being untimely, we hold that federal courts do not have jurisdiction to review the Attorney General's decision as to timeliness of such a request. Pursuant to 8 U.S.C. § 1158(a)(3), the Attorney General's decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances, such that the time limit should be waived, is not reviewable by any court. Although courts generally will not infer congressional intent to restrict their jurisdiction, in this case the statute clearly indicates that Congress intended to restrict judicial review. Section 1158(a)(3) states, "[n]o court shall have the jurisdiction to review any determination of the Attorney General under paragraph

(2) [the provision providing that the one-year time limit may be waived if extraordinary circumstances are demonstrated]."

Although there is a presumption favoring judicial review, the presumption may be overcome by specific statutory language precluding that review. *Block v. Community Nutrition Inst.*, 467 U.S. 340, 349 (1984). Two circuits have refused to review untimely asylum applications because section 1158(a)(3) contains such specific language. *Hakeem v. I.N.S.*, No. 00-70525, 273 F.3d 812, 815 (9th Cir. 2001) (holding that section 1158(a)(3) precludes judicial review of Immigration Judge's determination that immigrant's asylum application was untimely); *Ismailov v. Reno*, 263 F.3d 851, 855 (8th Cir. 2001) (stating, "the meaning of § 1158(a)(3) is clear: Congress intended to bar judicial review of decisions made under § 1158(a)(2).").

The language of section 1158(a)(3) is so clear that several courts have, in dicta, used the section as an example of a clear congressional limit on courts' jurisdiction. *Montero-Martinez v. Ashcroft*, 249 F.3d 1156 (9th Cir. 2001) (section 1158(a)(3) unambiguously limits federal court jurisdiction); *Van Dinh v. Reno*, 197 F.3d 427, 433 (10th Cir. 1999) (section 1158(a)(3) serves to "preclude direct review by *any* court of certain discretionary decisions made by the Attorney General.") (emphasis in original); *Gonzalez v. Reno*, 86 F.Supp.2d 1167, 1179 (S.D. Fla. 2000) (in light of section 1158(a)(3), only subsection (a)(1) is subject to judicial review).

We join the 8th and 9th Circuits in holding that the language of 8 U.S.C. § 1158(a)(3) precludes federal court review of determinations made by the Attorney General pursuant to 8 U.S.C. § 1158(a)(2).

As to the appeal of the denial of withholding of removal under § 241(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), the findings of fact are conclusive unless the record demonstrates that "any reasonable adjudicator would be compelled to conclude to the contrary." INA §§ 242(b)(4)(A)-(B), 8 U.S.C. §§ 1252(b)(4)(A)-(B)(1998). To conclude that the Board should be reversed, a reviewing Court must find that the record "not only supports that conclusion, but compels it." *INS v. Elias-Zacarias,* 502 U.S. 478, 480 n.1 (1992).

When an alien is seeking withholding of deportation, he bears the burden of demonstrating that it is "more likely than not" that he will be persecuted or tortured upon his return to the country in question. *I.N.S. v. Stevic*, 467 U.S. 407 (1984); 8 C.F.R. 208.16(c)(2)(2000). The Board found from the documentary and testimonial evidence that Fahim had not sustained this burden. It held that the record lacks sufficient evidence that anyone in Egypt has the present inclination to persecute the respondent.

The Board also found that Fahim had failed to provide any evidence indicating that an individual in his circumstances would be subject to any mistreatment by a

4

public official or other person acting in an official capacity as required under the Convention Against Torture.

A careful review of the briefs and record fails to convince us that any reasonable adjudicator would be compelled to conclude to the contrary.

AFFIRMED.