[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
November 30, 2005
**THOMAS  K. KAHN**
**CLERK**

No. 05-12819
Non-Argument Calendar

_____

Agency Nos. A96-097-700
& A96-097-701

GLORIA INES CASTIBLANCO,
LUIS ALFREDO RODRIGUEZ,
CINDY PAOLA RODRIGUEZ,
DIEGO ALEJANDRO RODRIGUEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2005)**

Before DUBINA, CARNES and HULL, Circuit Judges.

PER CURIAM:

Gloria Ines Castiblanco, her husband, daughter, and son are all natives and citizens of Colombia. Her daughter, Cindy Paola Rodriguez, entered the United States in January of 2001 as a non-immigrant visitor with authorization to remain until July of 2001. Her husband, Luis Alfredo Rodriguez, entered this country in May of 2001 as a non-immigrant visitor with authorization to remain until May of 2002. Castiblanco and her son, Diego Alejandro Rodriguez, entered this country on December of 2001 as non-immigrant visitors with authorization to remain until June of 2002.

On October 7, 2002, Castiblanco filed an application for asylum and withholding of removal on behalf of herself, her husband, daughter, and son under both the Immigration and Nationality Act and the Convention against Torture. In the application Castiblanco alleges that she has suffered past persecution and has a well-founded fear of future persecution on account of her imputed political opinion. Specifically, Castiblanco stated that she and her family were threatened by the Revolutionary Armed Forces of Colombia ("FARC") because of her employment as a civilian secretary for the Colombian Air Force and the FARC's belief that she had access to confidential information. She stated that her daughter was nearly kidnapped. She further stated that if she and her family returned to Colombia, they would be tortured and killed by the FARC.

2

On November 29, 2002, the Immigration and Naturalization Service issued notices to appear to Castiblanco and her family. The INS charged them with being removable pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), because they remained in the United States longer than permitted. On January 28, 2004, Castiblanco and her family attended a hearing before an Immigration Judge where they admitted to the allegations in the notices to appear and conceded removability. Castiblanco testified about the persecution that she and her family had allegedly suffered in Colombia.

The IJ denied the family's application for asylum and withholding of removal under both the Immigration and Nationality Act and Convention Against Torture and ordered them removed to Colombia. The IJ stated that he "absolutely [did] not believe [Castiblanco's] testimony" and found that it was "stupid, scripted and [did] not make any sense." The IJ specified eleven aspects of the testimony that he did not believe and stated that as a whole, he found it to be incredible.

Castiblanco and her family appealed the denial of their application. On April 21, 2005, the Board of Immigration Appeals entered an order adopting and affirming the IJ's decision. The BIA stated that there was a basis for the IJ's adverse credibility determination. It stated that even if Castiblanco's testimony were credible and the entire record were considered, she still failed to demonstrate

3

that she experienced harm that rose to the level of past persecution or torture. The BIA found that the FARC's harassment of Castiblanco did not implicate any of the statutory grounds for asylum and withholding of removal. See INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).

Castiblanco and her family petition this Court for review of the BIA's order as to their claims of asylum and withholding of removal under the INA.[1] They first contend that the BIA erred in denying their application for asylum because Castiblanco had provided substantial evidence demonstrating that she has suffered past persecution and has a well-founded fear of future persecution on account of her imputed political opinion.

An alien is eligible for asylum if she proves that she is a "refugee" for the purposes of 8 U.S.C. § 1101(a)(42)(A). To establish eligibility based on political opinion, the alien must demonstrate with credible evidence: (1) past persecution on account of her political opinion; or (2) a well-founded fear that her political opinion will cause future persecution. Sepulveda, 401 F.3d 1226, 1230–31 (11th Cir. 2005). While the testimony of an alien, if credible, may be enough to sustain the burden of proof without corroboration, an adverse credibility determination

---

[1] Castiblanco and her family do not challenge the IJ's and BIA's decisions as to their claims under the Convention Against Torture, and thus, they are abandoned. See Mendoza v. U.S. Attorney Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

4

may be enough to support the denial of an asylum application. Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1287 (11th Cir. 2005).

Because the BIA has issued a separate order, in which it adopts portions of the IJ's decision, we review both the BIA's order and the adopted portions of the IJ's decision. See Reyes-Sanchez v. U.S. Attorney Gen., 369 F.3d 1239, 1242 (11th Cir. 2004); Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the BIA's and IJ's legal conclusions. D-Muhumed v. U.S. Attorney Gen., 388 F.3d 814, 817 (11th Cir. 2004). We review their factual conclusions and credibility determinations to determine if they are supported by substantial evidence and uphold them unless the record compels a reasonable factfinder to find otherwise. INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 818 (1992); Forgue, 401 F.3d at 1287; D-Muhumed, 388 F.3d at 817–18.

Substantial evidence supports the IJ's and BIA's finding that Castiblanco has not suffered past persecution and does not have a well-founded fear of future persecution. See Al Najjar, 257 F.3d at 1283–84. The IJ and the BIA did not err in finding that Castiblanco was not credible based on her "scripted" story. The IJ provided eleven "specific, cogent reasons" for his adverse credibility determination. See Forgue, 401 F.3d at 1287. The evidence does not compel a reasonable factfinder to reach a different conclusion than the IJ and BIA. See id.

5

We have stated that an IJ's "extremely detailed" adverse credibility determination alone may be sufficient to support his denial of a petition, and that is the case for the present petition. See D-Muhumed, 388 F.3d at 819. Accordingly, we deny the family's asylum claim on this ground.[2]

Castiblanco and her family next contend that the BIA erred in denying their application for withholding of removal because Castiblanco had demonstrated that it was "more likely than not" that she would be persecuted upon being removed to Colombia. The IJ's and BIA's factual determination that an alien is not entitled to withholding of removal must be upheld if it is supported by substantial evidence. See Al Najjar, 257 F.3d at 1283–84. An alien is entitled to withholding of removal under the INA if she can show that her life or freedom would be threatened on account of "race, religion, nationality, membership in a particular social group, or political opinion." INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien has the burden of demonstrating that it is "more likely than not" she will be persecuted or tortured upon being returned to her country. Fahim v. U.S. Attorney Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (internal marks omitted). If an applicant is

---

[2] We note that even if Castiblanco's testimony were credible, substantial evidence supports the BIA's finding that Castiblanco has neither suffered past persecution nor has a well-founded fear of future persecution. See Al Najjar, 257 F.3d at 1283–84.

unable to meet that standard, she is generally precluded from qualifying for either asylum or withholding of deportation. Al Najjar, 257 F.3d at 1292–93.

Substantial evidence supports the IJ's and BIA's finding that Castiblanco and her family are not entitled to withholding of removal under the INA because Castiblanco has not established that she has suffered past persecution or has a well-founded fear of future persecution. First, while the events that Castiblanco experienced in Colombia may have constituted harassment, they do not rise to the level of past persecution. See Sepulveda, 401 F.3d at 1231. The evidence suggests that the FARC targeted Castiblanco because of her employment with the Colombian government, not because of her political opinion. Governmental employment is not one of the five statutory categories warranting withholding of removal. See INA § 241(b)(3), 8 U.S.C. § 1231(b)(3) ("[T]he Attorney General may not remove an alien to a country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."

Second, although the evidence indicated that the FARC may have originally targeted Castiblanco because of her presumed access to confidential information, it does not compel a conclusion that Castiblanco would suffer future persecution; because Castiblanco is no longer employed with the Colombian government, she is no longer privy to the information the FARC was allegedly seeking. See

7

Sepulveda, 401 F.3d at 1231. Because Castiblanco and her family have failed to establish past persecution or a well-founded fear of future persecution on account of political opinion or any other statutory category, substantial evidence supports the IJ's and BIA's rejection of their claim for withholding of removal under the INA. Accordingly, we deny their withholding of removal claim.

PETITION DENIED.