[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2006
THOMAS K. KAHN
CLERK

No. 05-13995
Non-Argument Calendar
_____

BIA Nos. A77-883-606 & A77-883-607

RICARDO A. ARBELAEZ,
CLAUDIA E. MONROE,

                                              Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(May 25, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Petitioners Ricardo Andres Arbelaez and Claudia Elisa Monroy, natives and citizens of Columbia, S.A., last entered the United States on August 31, 2000, as B-2 non-immigrant visitors for pleasure with authorization to remain in this country until March 1, 2001.[1] In July or August 2002, Petitioner Arbelaez filed an application for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention on Torture ("CAT"), pursuant to §§ 208 and 241(b)(3) of the INA, codified at 8 U.S.C. §§ 1158 and 1231(b)(3), and 8 C.F.R. § 208.16(c).[2] Notices to Appear were issued on October 10, 2002, alleging that Petitioners remained in the United States beyond March 1, 2001, without authorization from the former Immigration and Naturalization Service, and charging them with being subject to removal pursuant to INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

On March 20, 2003, Petitioners appeared before an Immigration Judge ("IJ"), admitted the allegations in the Notice to Appear, and conceded removability. The IJ designated Columbia as the country of removal.

On September 24, 2003, the IJ held a hearing on Petitioners' applications for asylum, withholding of removal, and CAT relief. Only Petitioner Arbelaez

---

[1] Petitioners first came to the United States in 1998, on vacation.

[2] Petitioner Monroy also filed an application for asylum, withholding of removal and CAT protection. Her application is derivative of Arbelaez's application.

testified at the hearing. At the close of the hearing, the IJ found that the asylum applications were filed well beyond the statutory deadline of one year after entering the United States, and that Petitioners failed to establish either of the two exceptions to the time limit, i.e., the existence of changed circumstances which materially affected their eligibility for asylum or extraordinary circumstances relating to the delay in filing. The IJ denied the applications for withholding of removal and CAT relief because Petitioners failed to satisfy the applicable legal standards.

Petitioners appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion. See 8 C.F.R. § 1003.1(e)(4). Petitioners now seek review in this court. We first address the denial of asylum, then the denial of withholding of removal and CAT protection.

"Any alien who is physically present in the United States or who arrives in the United States . . ., irrespective of such alien's status, may apply for asylum . . . ." INA § 208(a)(1); 8 U.S.C. § 1158(a)(1). The alien may not apply for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within one year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B); 8 U.S.C. § 1158(a)(2)(B). "An application for asylum of an alien may be considered, notwithstanding [the one-year time limit], if the alien demonstrates to the satisfaction of the Attorney

3

General either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . ." INA § 208(a)(2)(D); 8 U.S.C. § 1158(a)(2)(D). "No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2) [the provision providing the one-year time-limit and possible exceptions for changed or extraordinary circumstances]." INA § 208(a)(3); 8 U.S.C. § 1158(a)(3). "[F]ederal courts do not have jurisdiction to review the Attorney General's decision as to timeliness of [a request for asylum]." Fahim v. U.S. Attn'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002).

Petitioners concede, as they must, that they filed their applications for asylum after spending more than one year in the United States, but they contend that they established exceptional circumstances that warranted consideration of their applications on the merits. Petitioner Arbelaez testified (before the IJ) that he did not timely file his asylum application because the attorney he went to told him that he did not accept asylum cases and advised him to go directly to the immigration office. When he went to an immigration office in Georgia, two immigration officers told him that the only country that merited asylum was Cuba. He said that after he and his wife moved to Miami in 2001, he learned that he had received incorrect information and could apply for asylum.

4

The IJ found that Petitioner Arbeleaz's explanation – that someone from the immigration office in Georgia discouraged him from seeking asylum – was nothing more than a "self-serving statement" that was insufficient to meet either exceptions to late filing, changed country conditions or extraordinary circumstances.

Given the language of INA § 208(a)(3) quoted above and our decision in Fahim, we must conclude that we lack jurisdiction to review the IJ's findings that Petitioner Arbelaez's asylum application was untimely and that he failed to establish an exception to the one-year limitations period. As a result, we dismiss the petition for review as it relates to the Petitioners' asylum claims. We turn, then, to the withholding and CAT protection issues. We begin by setting out the rules that guide our review of the denial of withholding and CAT protection.

Where, as here, the BIA "summarily affirms an IJ decision without an opinion, the IJ's decision becomes the final removal order subject to review." Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230 (11th Cir. 2005). To the extent the IJ's decision is based on a legal determination, our review is de novo. D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 817 (11th Cir. 2004). "The IJ's findings of fact are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Sepulveda, 401 F.3d at 1230.

5

"Under this highly deferential standard of review, the IJ's decision can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." Id. (citation omitted).

An alien seeking withholding of removal under the INA must show that his "life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion." See INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A). An alien seeking withholding of removal has "the burden of demonstrating that it is "more likely than not" that he will be persecuted or tortured upon his return to the country in question." Fahim, 278 F.3d at 1218.

To obtain withholding of removal under the CAT, the alien must show that it is "more likely than not" that he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). For purposes of CAT relief, the term "torture" refers to the intentional infliction of severe pain or suffering, mental or physical, "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity" in order to intimidate or for other proscribed purposes. 8 C.F.R. § 208.18(a)(1). Evidence relevant to the assessment of eligibility for CAT relief includes, but is not limited to: (1) evidence of past torture; (2) the viability of relocation as a means to avoid torture; (3) gross, flagrant

6

or mass human rights violations in the country of removal; and (4) other relevant country conditions. See 8 C.F.R. § 208.16(c)(3).

Petitioners contend that the IJ erred in finding that Petitioner Arbelaez did not have a well-founded fear of persecution or clear probability of persecution. They support their argument with the following: (1) Arbelaez showed that he was beaten by the AUC, shot in the leg, constantly threatened, and told that he would be killed for not cooperating. (2) After he left Colombia, the AUC continued to look for him. (3) Federal courts and the BIA have held that harassment that was equal to or less severe than that experienced by Arbelaez constituted persecution. (4) Arbelaez established that he was persecuted on account of an imputed political opinion. He was harassed and threatened with death because he refused to give in to the AUC's demands, and he believes that the AUC targeted him because he was involved in the Liberal Party and voiced his disagreement with the AUC. They assert that the AUC targeted him because it believed that he had taken an ideology opposite of theirs, and he was not required to prove that he absolutely would be persecuted if he returned to Colombia. Given all of this, Petitioners submit that the IJ should have inferred from Arbelaez's testimony that he was persecuted on account of his imputed political opinion, and that he was trying to draw a connection between the AUC's persecution of him and its beliefs about his

7

political opinions with regard to the AUC's goals and ideals. In sum, Petitioner's maintain that Arbelaez established a reasonable fear of persecution because of an imputed political opinion as a result of his experiences and the information he provided.

In this case, substantial evidence supports the IJ's finding that Petitioners failed to establish that Petitioner Arbelaez was or would be persecuted on account of either an imputed political opinion or any other statutory basis that would justify granting withholding of removal. The IJ considered, and rejected, the points Petitioners present to us. After listening to what Petitioner Arbelaez had to say, the IJ found that while the beating, shooting attack, and harassment he suffered at the hands of the AUC may have been serious offenses, they did not amount to persecution within the meaning of the INA such as to warrant withholding of removal. As for CAT protection, the IJ reasonably found from the evidence that Petitioner Arbelaez failed to establish that "it is the Government of Columbia or its agents who wish to torture him or his family now or in the future."

We accordingly deny Petitioners' petition for review with regard to the denial of their applications for withholding of removal under the INA and CAT.

**PETITION DISMISSED IN PART, DENIED IN PART.**

8