[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-17025
Non-Argument Calendar

_____

BIA No. A96-275-192

JOSE ANTONIO RODRIGUEZ RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 25, 2006)**

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Colombian native and citizen Jose A.R. Rodriguez petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying his claim for asylum, 8 U.S.C. § 1158, withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and his claim for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Rodriguez, a long-time Conservative Party member and former collaborator with Conservative Party politician Mario Rincon Perez, alleged persecution by the FARC[1] on account of his political opinion. Rodriguez argues that the IJ's adverse credibility finding is based on speculation and not supported by the record and that the IJ erred in denying asylum and withholding of removal. For the reasons set forth more fully below, we deny the petition.

The IJ found Rodriguez not credible due to a number of implausibilities and inconsistences, which are enumerated in the IJ's opinion. Based on her adverse credibility finding and her finding that Rodriguez ceased his political activities because he became disaffected with the party, the IJ found that Rodriguez could not meet his burden of proof for asylum. As a result, the IJ further found that he

---

[1] The Revolutionary Armed Forces of Colombia.

could not meet his burden of proof for withholding of removal or CAT relief.[2] The

BIA adopted and affirmed the IJ's opinion, and further found that Rodriguez

offered no meaningful challenge to the IJ's adverse credibility finding and failed to

show clear error as to that or any other factual finding.[3]

Because the BIA both adopted the IJ's decision and made additional

findings, we review both the BIA's decision and the IJ's decision. Al Najjar v.

Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual

determinations, including credibility determinations, using the substantial evidence

test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). We will

affirm if the decision "is supported by reasonable, substantial, and probative

evidence on the record considered as a whole." Id. (citation and quotation marks

omitted). We review the record evidence in the light most favorable to the

agency's decision and draw all reasonable inferences in favor of that decision. Id.

To conclude that the IJ should be reversed, we "must find that the record not only

---

[2] On appeal, Rodriguez mentions his CAT claim in his statement of the issue, summary of the argument, and conclusion, but has abandoned the issue by making no argument as to the claim in his brief. Huang v. U.S. Att'y Gen., 429 F.3d 1002, 1007 n.2 (11th Cir. 2005). Accordingly, this issue is not discussed further.

[3] The government argues that Rodriguez failed to exhaust his administrative remedies with respect to his challenge to the IJ's adverse credibility finding. We disagree. Rodriguez took the position that the IJ's adverse credibility finding was erroneous in both his notice of appeal and brief to the BIA. Although Rodriguez did not make much more than bare assertions that the finding was erroneous, he put the BIA on notice that he was challenging the IJ's credibility finding, which satisfies the exhaustion requirement under 8 U.S.C. § 1252(d)(1).

supports that conclusion, but compels it." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted).

The IJ must make an explicit credibility determination. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287. "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the [IJ] with respect to credibility findings."[4] D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). However, the IJ must provide "specific, cogent reasons" for her credibility finding. Forgue, 401 F.3d at 1287.

---

[4] The REAL ID Act changed the credibility standard for applications made on or after May 11, 2005, setting out the following standard for determining credibility:

> Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record (including the reports of the Department of State on country conditions), and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

8 U.S.C. § 1158(b)(1)(B)(iii) (as amended by the REAL ID Act § 101(a)(3)); see also 8 U.S.C. § 1231(b)(3)(C) (making § 1158(b)(1)(B)(iii) applicable to withholding of removal claims). For effective date see Historical and Statutory notes to 8 U.S.C. § 1158; REAL ID Act, Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

Here, the IJ made an explicit adverse credibility determination. Rodriguez appears to take the position that, because the IJ relied upon implausibilities and inconsistencies, the IJ based her adverse credibility finding on speculation. However, we have upheld a finding that the petitioner's testimony was not plausible where that finding was cogent and supported by substantial evidence. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255-56 (11th Cir. 2006); D-Muhumed, 388 F.3d at 819. Moreover, the IJ could properly rely on inconsistencies in making her adverse credibility finding. See D-Muhumed, 388 F.3d at 819 (upholding a credibility determination based on inconsistencies between testimony, application and documentary evidence).

Of the numerous implausibilities and inconsistencies cited by the IJ, Rodriguez only specifically challenges two on appeal: (1) the IJ's adverse credibility inference drawn from the length of time between the first two threats by the FARC in 1999 and the third threat in June 2001, and (2) the IJ's finding that Perez's letter was very vague with respect to describing the political support Rodriguez provided for Perez. Even if we were to find these reasons speculative or unsupported by substantial evidence, the record does not compel reversal because the remainder of the IJ's enumerated reasons are specific, cogent, and supported by substantial evidence.

5

The IJ's primary concern was with inconsistencies between Rodriguez's claimed fears and his actions. The IJ questioned the genuineness of Rodriguez's asserted fear for the safety of his family because: (1) after a threat, Rodriguez moved his family to a new house, but sent his daughter to the same school; (2) Rodriguez left his daughter in Colombia even though she had a visa; (3) his family returned to Bogota after he set them safely up in Cali; (4) Rodriguez left his daughter in Colombia because she would be safer, but a kidnaping attempt had been made against her; and (5) Rodriguez testified that he did not take his wife and son with him because they did not have a visa, yet admitted that they had never applied for a visa. In addition, the IJ also based her finding on Rodriguez's confusing testimony concerning the June 2001 threat, the contradiction between his intent, as expressed in Perez's letter, to leave Colombia in July 2001 and his representations to the court otherwise, and inconsistent evidence as to when he ceased participating in activities. These reasons are specific, cogent, and supported by substantial evidence. Accordingly, the record does not compel reversal of the IJ's adverse credibility finding.

Nor does the record compel reversal of the IJ's finding that Rodriguez did not establish eligibility for asylum. To establish eligibility for asylum, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed

factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1230-31 (11th Cir. 2005). In the absence of past persecution, "the petitioner must demonstrate a well-founded fear of future persecution that is both subjectively genuine and objectively reasonable." Ruiz, 440 F.3d at 1257. "The subjective component can be proved 'by the applicant's credible testimony that he or she genuinely fears persecution,' while the objective component 'can be fulfilled either by establishing past persecution or that he or she has a good reason to fear future persecution.'" Id. (citation omitted). We require the applicant to present "specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of" a protected ground. Al Najjar, 257 F.3d at 1287 (quotation marks and citation omitted). We have noted that persecution is "an 'extreme concept,' requiring 'more than a few isolated incidents of verbal harassment or intimidation,' and that '[m]ere harassment does not amount to persecution.'" Sepulveda, 401 F.3d at 1231 (quoting Gonzalez v. Reno, 212 F.3d 1338, 1355 (11th Cir. 2000)) (alteration in original). Furthermore, "[n]ot all exceptional treatment is persecution." Gonzalez, 212 F.3d at 1355.

Because the IJ did not find Rodriguez credible, the IJ found that he could not meet his burden of proof to show past persecution or a well-founded fear of persecution. As discussed above, the IJ's adverse credibility finding is supported

7

by substantial evidence. As a result, Rodriguez's reliance on his testimony to establish asylum eligibility does not compel reversal of the IJ's finding.

The IJ also found that Rodriguez did not have a well-founded fear of future persecution because he ceased his political activities as a result of becoming disaffected with the party. The content of the threats made to Rodriguez supports the finding that the FARC threatened Rodriguez due to his affiliation with and support of Perez. While the record would permit the conclusion that Rodriguez ceased his support of Perez out of fear for his safety, it does not compel this conclusion. Rodriguez's explanations as to why he told Perez that he could no longer work for him support the conclusion that Rodriguez ended his political involvement because, as a result of the threats, he became disaffected by Perez and the party, who he felt were not supporting him. Contrary to Rodriguez's contention, the IJ was not requiring him to suppress his political opinion in order to avoid future persecution. Instead, the IJ was implicitly finding that Rodriguez would not likely resume this support in the future because he had ceased his support due to dissatisfaction. As a result, the record does not compel a conclusion that Rodriguez has a well-founded fear of being singled out for persecution for supporting Perez.

Nor does the record compel a conclusion that Rodriguez would have a well-founded fear of persecution if he engaged in other political or community

8

activities. Rodriguez's claim that the FARC would target him because of his political ideals and work with the youth is undermined by evidence that: (1) he spent 20 years as a Conservative Party member without incident or threat; (2) the FARC threatened him due to his support of Perez; and (3) even when threatened by the FARC, they told him that his work with the youth was good. As a result, substantial evidence in the record supports a finding that Rodriguez does not have a good reason to fear that the FARC would single him out for persecution on account of his political opinion.

Because Rodriguez cannot establish a well-founded fear, he cannot meet the more stringent standard required for withholding of removal under the INA. Forgue, 401 F.3d at 1288 n.4.

In light of the foregoing, we deny the petition.

**PETITION DENIED.**