[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 17, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11197
Non-Argument Calendar

_____

Agency No. A96-423-758

HENRY YOHANES KEMUR,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 17, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Henry Yohanes Kemur petitions this Court for review of the Immigration Judge's and Board of Immigration Appeals' denial of asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT").

Kemur is a citizen of Indonesia. The United States government initiated removal proceedings against him on April 18, 2003. Kemur then filed an application for asylum, withholding of removal, and protection under CAT. In his application, Kemur argued that he feared persecution at the hands of various members of the Muslim majority on account of his Christianity. He pointed to an instance in high school in 1994 in which he was attacked by fists with eleven young men whom he believed to be Muslim. He also predicated his fear on news accounts of violence towards Christians, and the fact that his uncle was attacked and killed by people who his family believed to be Muslims, while attempting to prevent the group from stealing merchandise from his store.

On September 27, 2004, the Immigration Judge ("IJ") denied Kemur's application for asylum based on his failure to file within one year of arriving in the United States, and his failure to show extraordinary circumstances to excuse the delay. 8 U.S.C. § 1158(a)(2)(B). The IJ denied the application for withholding of

2

removal and protection under CAT based on Kemur's failure to show an objective likelihood of harm on account of a statutorily protected ground, and his failure to demonstrate a likelihood of torture in Indonesia such that a grant of protection under CAT was warranted. The IJ noted that Kemur, when answering questions concerning his possible return to Indonesia, initially stated that he was settled in the United States and did not wish to return. Only after further questioning did he state that he was concerned for his safety. Kemur appealed to the Board of Immigration Appeals ("BIA"), which adopted and affirmed the order of the IJ. Kemur then timely petitioned this Court for review of the decisions of the IJ and BIA.

We affirm the denial of Kemur's application for asylum. An alien may not apply for asylum "unless [he] demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An untimely application may be considered "if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified in subparagraph (B)." Id. at § 1158(a)(2)(D). The IJ and BIA found that Kemur filed his application after the one-year period had lapsed and that

there was nothing to excuse the late filing.[1] Thus, this Court lacks jurisdiction to review these findings. 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of the Attorney General under paragraph (2)."); see Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003) (holding that "section 1158(a)(3) divests our Court of jurisdiction to review a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing.") (citation omitted).

We must also affirm the denial of his withholding of removal and CAT claims. In denying Kemur's claim, the IJ found that Kemur had not established that he was attacked by Muslims on account of his Christianity. The IJ first questioned whether the incident happened, and then found, assuming that it did happen, that the incident at his school was not so "systematic nor so grievous" that it qualified as past persecution to support a withholding of removal claim or claim of torture under CAT. The IJ did not find any other evidence to support Kemur's claims. The IJ further found although religious intolerance is a problem in Indonesia, Kemur had not demonstrated that he personally was more likely than not to be at risk of

---

[1] The IJ found that the closest fact that could have supported this exception to the one-year requirement was Kemur's testimony that he believed his uncle was killed in 1998 by Muslims when he tried to prevent a group from stealing merchandise from his store. However, the IJ found that even if the event could be viewed as a new circumstance justifying an exception, Kemur would have had to file his application within a reasonable period. Because Kemur did not file his application within a reasonable period, he cannot qualify for an exception to the one-year requirement.

persecution, and that the statistical probability of such persecution was small. In other words, Kemur did not demonstrate, based on the evidence presented, that he was more likely than not to suffer persecution or torture upon return to his country.

When the BIA adopts the opinion of the IJ, the Court reviews the decisions of both the BIA and the IJ. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review de novo the IJ's and BIA's legal conclusions, including questions of subject matter jurisdiction. Mendoza, 327 F.3d at 1287 nn.5 & 6. "The IJ's findings of fact are conclusive unless the record demonstrates that 'any reasonable adjudicator would be compelled to conclude to the contrary.'" Id. at 1287 (citing INA § 242(b)(4)(B) and 8 U.S.C. § 1252(b)(4)(B)). To reverse the IJ's factual findings, a reviewing court must find that the record "not only supports that conclusion, but compels it." Fahim v. U.S. Att'y. Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 480 (1992)).

This Court cannot find that the IJ erred in its legal conclusions. Further, substantial evidence supports the IJ's conclusion that Kemur failed to establish eligibility for withholding of removal or protection under CAT. Accordingly, this Court must affirm the denial of Kemur's application for withholding of removal and claim for relief under CAT.

**PETITION DENIED.**