[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

No. 06-12589
Non-Argument Calendar

_____

Agency Nos. A96-097-420
A96-097-421

JUAN FERNANDO DORADO ROJAS,
ESTHER JULIA GUALTERO ABELLA,
JUAN CAMILO DORADO GUALTERO,
JUAN DAVID DORADO GUALTERO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 14, 2006)**

Before BIRCH, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Juan Fernando Dorado Rojas ("Rojas"), his wife, Esther Julia Gualtero

Abella ("Abella"), and their minor children, Juan Camilo Dorado Gualtero and Juan David Dorado Gualtero, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals's ("BIA") affirmation, without opinion, of the Immigration Judge's ("IJ") order of removal denying asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). The petitioners argue that, based on the evidence presented to the IJ, they established eligibility for asylum and withholding of removal based on imputed political opinion due to persecution by the Revolutionary Armed Forces of Colombia ("FARC").[1] For the reasons set forth more fully below, we deny the petition.

Because the BIA summarily affirmed the IJ without opinion, we review the IJ's decision. See Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). We review factual determinations, including credibility determinations, using the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). To conclude that the IJ should be reversed, we "must find that the record not only supports that conclusion, but compels it." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted).

---

[1] The petitioners do not argue that the IJ erred in denying relief under the CAT. Accordingly, they have abandoned the issue. Huang v. U.S. Att'y Gen., 429 F.3d 1002, 1007 n.2 (11th Cir. 2005).

To the extent the IJ's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

The Attorney General or the Secretary of Homeland Security has discretion to grant asylum if an alien meets the INA's definition of a "refugee." See 8 U.S.C. § 1158(b)(1)(A), INA § 208(b)(1)(A). A "refugee" is:

> any person who is outside any country of such person's nationality. . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . .

8 U.S.C. § 1101(a)(42)(A), INA § 101(a)(42)(A). The asylum applicant carries the burden of proving statutory "refugee" status. Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1257 (11th Cir. 2006). In order to carry this burden, the applicant must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. Id.

To establish eligibility for withholding of removal under the INA, the applicant must show that his life or freedom would be threatened based on a protected ground. Id. "The burden of proof for withholding of removal, however, is 'more likely than not,' and, thus, is 'more stringent' than the standard for asylum relief." Id. (citation omitted). An applicant who fails to establish eligibility for

3

asylum on the merits necessarily fails to establish eligibility for withholding of removal. Forgue, 401 F.3d at 1288 n.4.

The IJ must make an explicit credibility determination. Yang, 418 F.3d at 1201. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287. "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the [IJ] with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004). When only the applicant's testimony is offered in support of his claim, an adverse credibility determination, by itself, is sufficient to support the denial of asylum. Forgue, 401 F.3d at 1287. However, if the applicant offers "other evidence of persecution, whatever form it may take, the IJ must consider that evidence, and it is not sufficient . . . to rely solely on an adverse credibility determination in those instances." Id.

The IJ's opinion made credibility, either alone or in conjunction with the failure of proof, dispositive of the petitioners' asylum claim. The IJ stated that, upon review of all of the evidence, the petitioners "have failed to meet their burden of establishing that they suffered past persecution or that they have a well-founded fear of persecution in Colombia on account of race, religion, nationality,

4

membership in a particular social group, or political opinion." This statement was followed by the IJ's finding that Rojas and Abella "have failed to present this Court a credible claim [of] asylum on behalf of themselves and their two children." The IJ further then stated that it had "substantial doubts" regarding their credibility, which it would discuss and outline below. The IJ explained that it denied asylum "based on the substantial and material inconsistencies in the record." After discussing inconsistencies, omissions, and other concerns it had with the evidence, the IJ stated that, based on the foregoing discussion, it denied asylum "for failure of proof and for lack of credibility." Because the petitioners could not meet the burden for establishing asylum, the IJ found that they failed to meet the burden for withholding of removal.

The petitioners focus on the IJ's initial statement, that they did not meet their burden of proof, which they read in isolation from the IJ's lengthy discussion of their credibility. Even if the petitioners are correct that the evidence they presented compels the conclusion that the threats established past persecution or a well-founded fear of persecution and that such persecution was on account of imputed political opinion, they fail to acknowledge the effect of the IJ's adverse credibility finding on their asylum claim. By failing to present any argument on the issue of credibility, the petitioners have abandoned the issue. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) ("When an appellant fails to offer

5

argument on an issue, that issue is abandoned."). As a result, the petitioners cannot meet their burden of demonstrating that the IJ's decision was not supported by substantial evidence.[2] Because the petitioners failed to establish eligibility for asylum on the merits due to their lack of credibility, they necessarily failed to establish eligibility for withholding of removal. Forgue, 401 F.3d at 1288 n.4.

In light of the foregoing, the petition for review is

**DENIED.**

---

[2] Even if the petitioners had challenged the IJ's credibility finding, we would lack jurisdiction to review the IJ's finding because the petitioners failed to raise the issue before the BIA. 8 U.S.C. § 1252(d)(1); Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) ("Thus, if an alien fails to challenge an adverse credibility determination in his appeal to the BIA, we lack jurisdiction to consider such a challenge in his petition for review.").