[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 11, 2008
THOMAS K. KAHN
CLERK

No. 07-12602
Non-Argument Calendar

_____

BIA No. A96-290-188

LUCAS CALLE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 11, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Lucas Mariano Calle, a native and citizen of Argentina, petitions this Court for review of the decision of the Board of Immigration Appeals that denied his application for withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (the "Convention"). The Board found that Calle failed to prove that he suffered "past persecution" or a probability of future persecution and Calle failed to prove that he was "more likely than not" to be tortured by or with the "acquiescence" of a government official upon his return to Argentina. We deny Calle's petition.

## I. BACKGROUND

Calle entered the United States on August 17, 1999, and remained in the country, without authorization, until 2000. On December 18, 2001, he reentered the United States as a violator of the Visa Waiver Program. In February 2003, he filed an application for asylum, withholding of removal, and relief under the Convention. He sought relief based on his political opinion and his alleged mistreatment by "delinquents" in Argentina.

The Immigration Judge held a hearing on Calle's application. Calle testified that he sought asylum in the United States because he was a homosexual and discriminated against by "people on the street." Calle recounted two incidents in Argentina related to his sexual orientation that occurred about 14 and 11 years

2

before the hearing. When Calle was 16 years old, a police officer entered his home under the pretense of using the bathroom and instead had sex with Calle. Calle alleged that he did not want to have sex, but was in fear due to the officer's position of authority. When Calle was 19 years old, his motorcycle was stolen and he reported the crime to the police. The police allegedly refused assistance and mentioned that, if they discovered the motorcycle, they would sell it and retain part of the proceeds. Calle admitted that he did not suffer any further mistreatment in Argentina.

Calle, who is HIV positive, expressed concern with the medical treatment available in Argentina after having received free treatment in the United States. He testified that the hospitals in Argentina did not have his medication and that his partner died the year before the hearing due to lack of treatment. Although Calle submitted various documents related to human rights practices in Argentina, he admitted that he did not have any evidence that he would be unable to receive treatment for his condition in Argentina.

Calle admitted that he was able to leave Argentina when he became 21 years old in 1997, but he chose not to leave despite his alleged mistreatment as a homosexual. When questioned why he did not move to Buenos Aires, a city touted as being "gay friendly," he stated that he visited the city when he was 17 or 18

3

years old and feared the "big city" atmosphere, although he comfortably resided in Miami after he returned to the United States in 2001.

The Immigration Judge found that Calle's application for asylum was untimely and denied Calle's application for withholding of removal and relief under the Convention. Although he found Calle's allegations credible, the judge ruled that Calle failed to establish that he would be persecuted on the basis of his homosexuality or that he had been or would be tortured by or with the acquiescence of a government official, particularly when the Argentine constitution prohibited such conduct. The judge found that Calle had not established that suitable medical treatment would not be available in Argentina. Relying on documentary evidence, the judge concluded that several parts of Argentina, most notably Buenos Aires, fostered a homosexual lifestyle and Calle could relocate to Buenos Aires and continue his work as a hair stylist. One news report in 2003 stated that several cities were considering civil union laws to extend marital rights to gay couples for inheritance, as well as professional benefits.

The Board "agree[d] with the Immigration Judge's conclusion" that Calle "had not met his burden of establishing 'past persecution' or a clear probability of persecution if returned to Argentina." The Board also "affirm[ed] the Immigration Judge's determination" that Calle "failed to demonstrate that he [was] 'more likely

4

than not' to be tortured in Argentina by or with the 'acquiescence' of a government official."

## II. STANDARD OF REVIEW

We review the decision of the Board to determine whether it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quoting Lorisme v. I.N.S., 129 F.3d 1441, 1444–45 (11th Cir. 1997)) (internal quotation marks omitted). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). We review the legal conclusions of the Board de novo. Id. at 1287 n.6. When the Board adopts the findings of the Immigration Judge, we review the decision of the Immigration Judge. Al Najjar, 257 F.3d at 1284.

## III. DISCUSSION

Calle challenges two of the three decisions of the Board. Calle challenges the findings by the Board regarding Calle's application for withholding of removal and relief under the Convention. Calle does not challenge the finding that his application for asylum was untimely, which we lack jurisdiction to review. Mendoza, 327 F.3d at 1287.

5

Calle's burden is well-established. To qualify for withholding of removal, an alien must prove that "his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza, 327 F.3d at 1287 (citing 8 U.S.C. § 1231(b)(3)(A)). The alien must establish that "he more-likely-than-not would be persecuted . . . upon his return to the country in question." Id. (citing Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002)). An applicant for relief under the Convention must "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Al Najjar, 257 F.3d at 1303 (quoting 8 C.F.R. § 208.16(c)(2) (2001)) (internal quotation marks omitted). Torture is confined to those acts inflicting "severe pain and suffering, whether physical or mental" committed at the hands, under the direction, or with the acquiescence of "a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1) (2001). The acts must be "intentionally inflicted" either to extract "information or a confession," to punish, intimidate, or coerce, or "for any reason based on discrimination of any kind[.]" Id.

Substantial evidence supports the conclusion that Calle was not entitled to withholding of removal. According to Calle, the nonconsensual sex with the police officer and the response to the theft of his motorcycle were isolated incidents, and no evidence suggests that these occurrences were intended as persecutory. See

<u>Sepulveda v. U.S. Att'y Gen.</u>, 401 F.3d 1226, 1231 (11th Cir. 2005) ("[M]ere harassment does not amount to persecution." Persecution requires "more than a few isolated incidents of verbal harassment or intimidation.") (internal quotation marks omitted). Calle also did not prove that he would be unable to obtain medical treatment for HIV.

Substantial evidence also supports the finding that Calle will not likely be tortured if removed. Calle did not prove that he would experience any "severe pain or suffering" upon his return to Argentina. The record instead supports the finding that Argentina would support Calle's lifestyle.

### III. CONCLUSION

Calle's petition for review is **DENIED**.

**PETITION DENIED.**