[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11801
Non-Argument Calendar
_____

Agency Nos. A98-677-709
A98-677-708

CARLOS ALBERTO GALARRAGA-AGUILAR,
ARELIS ESTHER GALARRAGA DE AGUILAR,
CARLOS EDUARDO GALARRAGA-AGUILAR,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(November 20, 2008)**

Before DUBINA, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Petitioners Arelis Esther Galarraga de Aguilar ("Arelis"), Carlos Alberto Galarraga-Aguilar ("Carlos"), and Carlos Eduardo Galarraga-Aguilar ("Carlos Eduardo") (collectively, "the Aguilars") seek review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying their applications for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, and Degrading Treatment or Punishment ("CAT"), INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The BIA and the IJ denied the Aguilars' claim for asylum as time-barred pursuant to 8 U.S.C. § 1158(a)(2)(B). Both the BIA and the IJ found that the Aguilars had not met their burden for asylum and, as a result, had necessarily failed to meet the more stringent burden for withholding of removal.[1]

In their petition, the Aguilars argue that the BIA and the IJ erred in making an adverse credibility determination and in finding that they did not meet the burdens for asylum and withholding of removal.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al-Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA did not expressly adopt any part

---

[1] The Aguilars have not raised the issue of the denial of their CAT claim on appeal. Accordingly, they have abandoned the argument, and we will not review the BIA's denial of CAT relief. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

2

of the IJ's decision, but it affirmed the IJ's decision and agreed with its reasoning in its own opinion. As a result, we review both the BIA's and the IJ's decisions.

I.

Pursuant to 8 U.S.C. § 1158(a)(3), we conclude that we lack jurisdiction to review the BIA's determination that an asylum applicant filed an untimely application and failed to establish changed or extraordinary circumstances to excuse his untimely filing. *Fahim v. Att'y Gen.*, 278 F.3d 1216, 1217-18 (11th Cir. 2002). Here, both the BIA and the IJ found that the Aguilars' applications were untimely and that they had failed to establish changed or extraordinary circumstances to excuse the untimeliness. Accordingly, we decline to review the BIA's denial of the Aguilars' claim for asylum.

II.

The BIA's factual determinations are reviewed under the substantial evidence test, and we must affirm the decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar*, 257 F.3d at 1284 (internal quotation marks and citation omitted). The substantial evidence test is "deferential" and does not allow "re-weigh[ing] the evidence from scratch." *Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001) (quoting *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444-45 (11th Cir. 1997)). We review the record evidence in the light most favorable to the agency's decision

3

and may not overturn findings of fact unless the record compels it. *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). The fact that evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004).

An alien who arrives in or is present in the United States may apply for asylum. INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General or Secretary of DHS has discretion to grant asylum if the alien meets the INA's definition of a "refugee." INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. *Al Najjar*, 257 F.3d at 1284. To establish asylum eligibility, the alien must, with specific and credible evidence, establish (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that the statutorily listed factor will cause such future persecution. 8 C.F.R. § 208.13(a),

4

(b); *Al Najjar*, 257 F.3d at 1287. An asylum applicant may not show merely that he has a political opinion, but must show that he was persecuted because of that opinion. *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483, 112 S. Ct. 812, 816, 117 L. Ed. 2d 38 (1992). We have held that "persecution," as used to illustrate that an alien has suffered past persecution, "is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and . . . mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (quotation and alteration omitted).

If the alien establishes past persecution, it is presumed that his life or freedom would be threatened upon return to the country of removal unless the government shows by a preponderance that the country's conditions have changed such that the applicant's life or freedom would no longer be threatened or that the alien could relocate within the country and it would be reasonable to expect him to do so. 8 C.F.R. §§ 208.13(b), 208.16(b). An alien who has not shown past persecution may still be entitled to asylum if he can demonstrate a future threat to his life or freedom on a protected ground in his country. 8 C.F.R. §§ 208.13(b)(2), 208.16(b)(2). To establish a "well-founded fear," an applicant must show that he has a fear of persecution in his home country and that "[t]here is a reasonable possibility of suffering such persecution if he or she were to return to that country." 8 C.F.R. § 208.13(b)(2)(i). We have opined that "the precise

5

contours of the 'well-founded fear' inquiry continue to evolve." *Al Najjar*, 257 F.3d at 1289. However, we have held that "an applicant must demonstrate that his or her fear of persecution is subjectively genuine and objectively reasonable." *Id.* "An asylum applicant's voluntary return to his or her home country is a relevant consideration in determining whether the asylum applicant has a well-founded fear of future persecution." *De Santamaria v. U.S. Atty. Gen.*, 525 F.3d 999, 1011 (11th Cir. 2008). An applicant's claim of persecution may be weakened or undermined by a voluntary return to a home country. *Id.*

When a petitioner fails to "establish a claim of asylum on the merits, he necessarily fails to establish eligibility for withholding of removal." *Forgue*, 401 F.3d at 1288 n.4. This is because the standard for withholding of removal is significantly higher than the asylum standard. *See Al-Najjar*, 257 F.3d at 1292-93.

We review credibility determinations under the substantial evidence test. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817-18 (11th Cir. 2004). "[T]his court may not substitute its judgment for that of the BIA with respect to credibility findings." *Id.* at 818. In order to review a credibility determination, the IJ or BIA must explicitly state that the applicant's testimony was not credible. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).

[T]he IJ [or BIA] must offer specific, cogent reasons for an adverse

6

credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's] credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence. A credibility determination, like any fact finding, may not be overturned unless the record compels it.

*Forgue*, 401 F.3d at 1287 (internal citations and quotations omitted).

If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. *Id.* "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Id.* However, if an applicant produces evidence other than his testimony, "it is not sufficient for the IJ to rely solely on an adverse credibility determination in those instances." *Id.*

The record here demonstates that both the BIA and the IJ explicitly found that Arelis's testimony was not credible and gave specific, cogent reasons for discrediting Arelis's testimony. Moreover, because the record shows that much of Arelis's testimony was vague, implausible, and inconsistent, substantial evidence supports the BIA's and IJ's determination that her testimony was not credible. Additionally, because the Aguilars presented only weak evidence, apart from Arelis's testimony, to support their claims for asylum and withholding of removal, there was substantial

7

evidence to support the BIA's and the IJ's determination that the Aguilars failed to meet the burden for asylum and, accordingly, failed to meet the more stringent burden for withholding of removal. As a result, we cannot say that the record compels reversal of the BIA's and IJ's finding that the Aguilars failed to meet the burden for withholding of removal.

For the above-stated reasons, we dismiss the petition in part and deny it in part.

**DISMISSED IN PART, DENIED IN PART.**