[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 23, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12086
Non-Argument Calendar

_____

BIA No. A97-129-689

ENIDA RUMBULLAKU,
a.k.a. Armira Kolari,

                                                            Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 23, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Enida Rumbullaku, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals' ("BIA") affirmation of the Immigration Judge's ("IJ") order of removal and denial of her claims for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c). Rumbullaku argues that the BIA's adverse credibility finding was not based on specific, cogent reasons and, even if this finding was not erroneous, the BIA failed to consider the record as a whole when denying her claims for relief. For the reasons set forth more fully below, we deny the petition.

Rumbullaku's claims are based on threats she received due to her father's support of the Democratic Party of Albania. Rumbullaku claimed that she was threatened by the National Intelligence Service ("SHISH") and socialist militants after her father, who was living in the United States, made a $5,000 contribution to the Democratic Party in May 2002.

Both Rumbullaku her father, Trifon, testified at the hearing on her application for relief. However, the IJ found both Rumbullaku and Trifon lacking in credibility. As grounds for the finding, the IJ cited contradictions in Rumbullaku and Trifon's testimony regarding: (1) whether Trifon sent money to support Rumbullaku and her mother; (2) the timing of Trifon's contributions to the

2

Democratic Party; and (3) the reason Rumbullaku obtained a passport. The IJ also rejected Trifon's claim regarding his contributions based on: (1) the lack of evidence that he had the financial ability to make such substantial donations; (2) the $10,000 donation receipt, which was not contemporaneous with any donation and which was issued before Trifon's final contribution; (3) the absence of any mention of his contributions in the Democratic Party's verification letter; and (4) the lack of any records showing his ability to make contributions and that those contributions were in fact made. The IJ further found that the summons was insufficient to corroborate Rumbullaku's claims. Citing background materials, the IJ rejected Rumbullaku's claim that she had problems with the SHISH. The IJ concluded that Rumbullaku failed to show past persecution or a well-founded fear of future persecution. Because Rumbullaku could not establish eligibility for asylum, the IJ found that she failed to demonstrate eligibility for withholding of removal or CAT relief.

The BIA dismissed Rumbullaku's appeal. The BIA first found that the IJ's decision "accurately sets forth the facts asserted by the respondent in support of her claim for relief from removal." The BIA then: (1) agreed with the IJ that Rumbullaku had not demonstrated eligibility for asylum; and (2) affirmed the IJ's adverse credibility finding and the IJ's finding that Rumbullaku failed to establish grounds for granting the other forms of relief requested. The BIA found that the

3

IJ's adverse credibility finding, "which was based on inconsistencies involving matters such as the nature and extent of the respondent's father's support for the Democratic Party which allegedly led to the persecution on the respondent by socialists, as well as the timing and reasons for the respondent's obtaining a passport," was supported by the record. It further found that the concerns raised by the IJ were not adequately rebutted on appeal. The BIA found that Rumbullaku had not demonstrated past persecution, a well-founded fear of persecution, or that she would more likely than not be persecuted or tortured. The BIA concluded that, "[a]s the record fully supports the outcome of the [IJ's] decision, we affirm the conclusion that the respondent failed to demonstrate eligibility for asylum, withholding of removal, or relief under the CAT."

"When the BIA issues a decision we review only that decision, except to the extent that it expressly adopts the immigration judge's decision. To the extent that the BIA does adopt the IJ's reasoning, we review the IJ's reasoning as well." Savoury v. U.S. Att'y Gen., 449 F.3d 1307, 1312 (11th Cir. 2006) (citations omitted). Here, the BIA did not expressly adopt the IJ's decision and, therefore, we review only the BIA's decision. See Arboleda v. U.S. Att'y Gen., 434 F.3d 1220, 1222 (11th Cir. 2006) ("We review only the BIA's decision in this case, as it did not expressly adopt the IJ's findings below.").

4

We review factual determinations, including credibility determinations, using the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). We will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (citation and quotation marks omitted). We review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. To conclude that the BIA should be reversed, we "must find that the record not only supports that conclusion, but compels it." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted). "[T]he mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). To the extent the BIA's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

Rumbullaku first argues that the BIA's reasons for its adverse credibility finding do not go to the heart of her claims for relief and, therefore, are not proper grounds for an adverse credibility finding. As to her father's contributions to the Democratic Party, she argues that the only relevant contribution was the $5,000 contribution in May 2002, as it led to and was referenced in the threats and

5

incidents she suffered. As to her acquisition of a passport, she asserts that the date and reason she obtained the passport are irrelevant as to whether and why these incidents occurred.

"Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA's] credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287. "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the BIA with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

Rumbullaku's claim is premised on her father's financial support of the Democratic Party. Notwithstanding the internal consistency of Rumbullaku's testimony and its consistency with her asylum application, the inconsistencies between Rumbullaku's testimony and her father's testimony are not incidental to her claim. The inconsistencies regarding the nature and extent of her father's support provide a specific, cogent reason for an adverse credibility finding. Rumbullaku claimed that her problems began after her father made a $5,000 contribution in May 2002. However, in his testimony Trifon stated that he made the following contributions: $500 on September 10, 2000, $3,000 in June 2001, $5,000 in May 2003, and $1,500 on May 9, 2004. Thus, they provided conflicting testimony as to the contribution forming the basis of Rumbullaku's claim.

In this case, inconsistent explanations as to the reason why Rumbullaku obtained a passport is also a specific, cogent reason for an adverse credibility finding because it exposes conflicting testimony about when she began receiving threats. Rumbullaku obtained a passport in March 2002. This is before she alleged that she had any problems due to her father's activities, and she claimed that she got the passport because it was a necessity. In contrast, her father testified that one of the main reasons that Rumbullaku obtained a passport was the threats being made against her demanding money from him. However, according to Rumbullaku, these threats were not made until almost a year later, in March 2003. Therefore, we hold that the BIA's adverse credibility determination was based on specific, cogent reasons and supported by substantial evidence.

Rumbullaku next argues that, even if the BIA's credibility determination is correct, the BIA erred by denying her claims based only on that finding, without considering the record as a whole. When only the applicant's testimony is offered in support of her claim, an adverse credibility determination, by itself, is sufficient to support the denial of asylum. Forgue, 401 F.3d at 1287. However, if the applicant offers "other evidence of persecution, whatever form it may take, the [BIA] must consider that evidence, and it is not sufficient . . . to rely solely on an adverse credibility determination in those instances." Id. In doing so, the BIA need not discuss every piece of evidence presented. See Tan v. U.S. Att'y Gen.,

7

446 F.3d 1369, 1376 (11th Cir. 2006) ("Although the Immigration Judge is not required to discuss every piece of evidence presented before him, the Immigration Judge is required to consider all the evidence submitted by the applicant.") (citations omitted). Our review of the BIA's decision as a whole and, in particular, the BIA's conclusion that "[a]s the record fully supports the outcome of the [IJ's] decision, we affirm the conclusion that the respondent failed to demonstrate eligibility for asylum, withholding of removal, or relief under the CAT," (emphasis added), convinces us that the BIA did not rely solely on an adverse credibility determination when it denied relief.

In light of the foregoing, the petition is

**DENIED.**