[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15244
Non-Argument Calendar

_____

BIA No. A78-864-298

JIAN GUO LIU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 14, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Jian Guo Liu seeks review of the Immigration Judge's (IJ's) removal order and denial of his application for asylum and withholding of removal under the Immigration and Nationality Act (INA), and relief under the United Nations Convention on Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3), 8 C.F.R. § 208.16(c).[1]  We deny Liu's petition.

## I.

Liu contends the IJ erred by making an adverse credibility finding regarding his testimony.  We review credibility determinations under the substantial evidence test, and "may not substitute [our] judgment for that of the [IJ] with respect to credibility findings." *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 818 (11th Cir. 2004).  We have cautioned the IJ's credibility determination must be clean, which means the IJ must state clearly whether he believed the petitioner.  *Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005).  Furthermore,

> the IJ must offer specific, cogent reasons for an adverse credibility finding. Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence.  A credibility determination, like any fact

[1]  Because the Board of Immigration Appeals summarily affirmed the IJ without opinion, we review the IJ's opinion. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).

> finding, may not be overturned unless the record compels it.

*Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005) (citations and quotations omitted).

The IJ made a clean adverse credibility finding in this case. In addition, the IJ gave specific reasons for his adverse credibility finding, and there was substantial evidence supporting the IJ's determination. Most importantly, Liu's testimony concerning his girlfriend's abortion was contradicted by documentation indicating Liu and his girlfriend bore a child at this time. Additionally, while Liu claims it is a mischaracterization of his testimony at the asylum hearing to assert that, in part of his testimony, he claimed his family was poor, he claimed his family was poor in the narrative attachment to his asylum application. This is inconsistent with his testimony at the asylum hearing that his family was middle class. Further, Liu's testimony at the asylum hearing itself was inconsistent. Liu gave different explanations regarding why he did not know the name of one of the countries he passed through on his way to the United States. These inconsistencies constitute substantial evidence on which the IJ could base its adverse credibility finding.[2]

---

[2] In analyzing adverse credibility determinations, some circuits have held discrepancies in the petitioner's testimony must involve the "heart of the asylum claim." *See Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002); *see also Ceballos-Castillo v. INS*, 904 F.2d 519, 520 (9th Cir. 1990). Alternatively, pursuant to the REAL ID Act of 2005, Congress has directed the immigration courts to base credibility determinations in future cases on the totality of the circumstances, which may include inaccuracies or falsehoods that do not go to the "heart of the

## II.

Liu also contends the IJ erred by finding the record did not support his application. To establish asylum eligibility, the alien must, with specific and credible evidence, establish either (1) past persecution on account of a statutorily listed factor or (2) a "well-founded fear" that the statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b). "[A]n adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Forgue*, 401 F.3d at 1287. However, "an adverse credibility determination does not alleviate the IJ's duty to consider other evidence produced by an asylum applicant." *Id.*

Liu submitted other evidence for the purpose of assessing his application. Liu submitted his Chinese birth certificate and Chinese identification card. He also included a "Social Upbringing Fee Special Use Voucher," stating that he and his girlfriend had to pay 5,000 Yuan for "early child-bearing." A notification stated the 5,000 Yuan "social upbringing fee" was for violating "the family planning regulations . . . in April of 2002 to bear a child . . . ." Liu further submitted a

---

applicant's claim." Pub. L. No. 109-13, 119 Stat. 231, § 101(a)(3). We have not yet resolved the issue of which standard should apply in pre-REAL ID Act cases. We need not resolve the issue here, however, because the inconsistency regarding his girlfriend's forced abortion goes to the heart of Liu's asylum claim.

"Certificate" from Hua Zhang, a physician, indicating Liu's girlfriend had an abortion on April 17, 2002, because of her eight-week pregnancy.

The other evidence Liu submitted does not compel us to conclude the IJ erred by denying Liu's applications. *See Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (stating we will only reverse the IJ if we find the record compels reversal). Liu's documentation was contradictory, and two documents stated that he and his girlfriend bore a child around the time of the alleged abortion. In addition, although Liu submitted a certificate stating his girlfriend had an abortion, the certificate was contradicted by the other documents. Further, Liu's documentary evidence was submitted late in the proceedings and the IJ chose to give it less weight because the Government was not unable to perform forensic tests to verify its authenticity. We conclude substantial evidence supports the IJ's determination that Liu failed to establish he was persecuted or had a well-founded fear of future persecution. *See Antipova v. U.S. Att'y Gen.*, 392 F.3d 1259, 1261 (11th Cir. 2004) ("The IJ's findings of fact are reviewed under the substantial evidence test, and we must affirm the IJ's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole.").

Moreover, because Liu failed to satisfy his asylum burden of showing either past persecution or a well-founded fear of future persecution, he has also failed to satisfy the higher burdens required for withholding of removal or CAT relief. *See*

*Forgue*, 401 F.3d at 1288 n.4 (stating an individual who fails to establish a claim of asylum on the merits also fails to establish eligibility for withholding of removal or CAT relief). Therefore, we deny Liu's petition for review.

**PETITION DENIED.**