[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 14, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10475
Non-Argument Calendar

_____

Agency No. A98-006-575

YANETH ELIZABETH ESTRADA-PENA,

Petitioner,

versus

U.S. DEPARTMENT OF JUSTICE, EOIR,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 14, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Yaneth Elizabeth Estrada-Pena, a native and citizen of El Salvador, petitions

for review of the decision of the Board of Immigration Appeals that denied her

application for asylum and withholding of removal under the Immigration and Nationality Act and the United Nations Convention Against Torture and Other Cruel, Inhuman and Degrading Treatment or Punishment. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3); 8 C.F.R. § 208.16(c). The Board concluded that Estrada-Pena failed to establish past persecution, a probability of future persecution, or a likelihood of torture if she returns to El Salvador. We deny Estrada-Pena's petition.

## I. BACKGROUND

After four unsuccessful attempts, Estrada-Pena entered the United States on April 7, 2004. Two weeks later, Estrada-Pena was charged for being present in the country without admission or parole. INA § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i). At her removal hearing, Estrada-Pena admitted the charges and conceded removability. The immigration judge continued the hearing when Estrada-Pena stated that she planned to file an application for asylum, withholding of removal, and relief under the Convention. In her application for asylum and withholding of removal, Estrada-Pena alleged persecution based on her political opinion. She alleged that, after the Farabundo Marti National Liberation Front gained control of the government of El Salvador in the 2003 election, the Farabundo Marti threatened to harm her to retaliate for her father's involvement

with the opposition Arena Party.

Estrada-Pena testified that, while she lived with her aunt, the Farabundo Marti left notes at night under the door of her family's home. The notes threatened to "get even" with Estrada-Pena's father for his support of the Arena Party. Estrada-Pena did not participate in any political activity, but Farabundo Marti threatened to harm her because she was her father's "most beloved daughter." Estrada-Pena's family was never harmed and moved to a different town to escape the threats. Estrada-Pena remained with her aunt after the threats, but alleged that she was forced to leave because the Farabundo Marti investigated her absence from the family home. On one occasion, Estrada-Pena was shadowed while she was on a bus, but she was not confronted or harmed. Estrada-Pena testified that she feared that she would be raped or murdered if she returned to El Salvador.

The immigration judge denied Estrada-Pena's application. The judge found that Estrada-Pena had never participated in political activities, was never harmed, and her family remained in El Salvador. The judge found that there was no evidence that the Farabundo Marti targeted Estrada-Pena on the basis of her actual or an imputed political opinion. Absent evidence of persecution or a reasonable basis to fear future harm, the judge denied asylum and concluded that Estrada-Pena was ineligible for withholding of removal and relief under the Convention.

3

The Board of Immigration Appeals affirmed. The Board ruled that the threats against Estrada-Pena did not establish that she was subject to past persecution or that she possessed a well-founded fear of future persecution when her family had remained unharmed in El Salvador. The Board also decided that Estrada-Pena failed to establish that she would, more likely than not, be tortured when she returned to El Salvador.

## II. STANDARD OF REVIEW

We review the decision of the Board to determine whether it is "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (quoting Lorisme v. INS, 129 F.3d 1441, 1444–45 (11th Cir. 1997)). "To reverse [those] fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003)(citing Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002)).

## III. DISCUSSION

Estrada-Pena argues that she established past persecution and a well-founded fear of future persecution. She argues that she was targeted based on a political opinion that the Farabundo Marti imputed to her because of her father's involvement with the Arena Party. Estrada-Pena's argument fails.

4

To qualify for withholding of removal, an alien must prove that her "life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion." Mendoza, 327 F.3d at 1287 (citing 8 U.S.C. § 1231(b)(3)(A)). The alien must establish that she "more-likely-than-not would be persecuted . . . upon [her] return to the country in question." Id. (citing Fahim, 278 F.3d at 1218). An applicant for relief under the Convention must "establish that it is more likely than not that . . . she would be tortured if removed to the proposed country of removal." Al Najjar, 257 F.3d at 1303 (quoting 8 C.F.R. § 208.16(c)(2)) (internal quotation marks omitted). Torture is confined to those acts inflicting "severe pain and suffering, whether physical or mental" committed at the hands, under the direction, or with the acquiescence of "a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Substantial evidence supports the decision that Estrada-Pena did not suffer political persecution. Estrada-Pena's testimony about receiving written threats and perceiving once that she had been followed on a bus supports the finding that Estrada-Pena suffered harassment, not persecution. See Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1238 (11th Cir. 2006); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005). Estrada-Pena also was not targeted on account of a

5

protected ground because her testimony established, at most, that she was threatened because of her relationship to her father, not on account of her actual or imputed political opinion.

The record also supports the finding that Estrada-Pena does not have a well-founded fear of future persecution. Estrada-Pena testified that her father had left the Arena Party and she was not involved in any political activity or organization adverse to the Farabundo Marti. See Silva, 448 F.3d at 1237–38. She also testified that her family had relocated within El Salvador and remained unharmed. See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1259 (11th Cir. 2006).

Substantial evidence also supports the finding that Estrada-Pena will not likely be tortured upon her return to El Salvador. "The burden of proof for an applicant seeking withholding of removal under the Convention, like that for an applicant seeking withholding of removal under the statute, is higher than the burden imposed on an asylum applicant." Al Najjar, 257 F.3d at 1303; see 8 C.F.R. § 208.16(c)(2). Because Estrada-Pena failed to establish a well-founded fear of persecution, she also cannot establish that she would suffer "torture." See Al Najjar, 257 F.3d at 1303–04.

## IV. CONCLUSION

Estrada-Pena's petition for review is **DENIED**.