[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 28, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16878
Non-Argument Calendar
_____

Agency No. A099-551-036

GINETTE CADET,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 28, 2009)

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Ginette Cadet, a native and citizen of Haiti, seeks review of the BIA's order

affirming the IJ's denial of her claims for asylum and withholding of removal under the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231, and relief under the Convention Against Torture (CAT), 8 C.F.R. § 208.16(c). Cadet contends that her application for asylum was timely and that the IJ erred in finding her testimony not credible.

## I.

Cadet applied for asylum, withholding of removal, and CAT relief in January 2006. She asserted that she had entered the United States in July 2005, and thus that her application was timely because it was filed within one year of her arrival in this country.

After a hearing, the IJ found that Cadet had failed to provide any convincing evidence that she had entered this country in July 2005, and thus she had failed to meet her burden of demonstrating that she had applied for asylum within the one year time limit. The IJ also denied Cadet's request for withholding of removal and CAT relief because her testimony, which was the only evidence she provided, was not credible. Cadet appealed to the BIA, which agreed with the IJ's findings and affirmed. This is Cadet's appeal.

## II.

Cadet first contends that her application for asylum was timely under 8 U.S.C. § 1158(a)(2)(B). She argues that she arrived in the United States in July

2005 and applied for asylum in January 2006, and adds that the notice to appear she received from the government acknowledged her arrival date of July 2005. However, the BIA stated that Cadet "failed to prove that she filed an asylum claim within one year of arrival."

We lack jurisdiction to review that decision by the BIA. See 8 U.S.C. § 1158(a)(3) ("No court shall have jurisdiction to review any determination of [timeliness]."); Fahim v. United States Att'y Gen., 278 F.3d 1216, 1217 (11th Cir. 2002) ("As to the denial of the request for asylum as being untimely, we hold that federal courts do not have jurisdiction to review the Attorney General's decision as to timeliness of such a request."). Accordingly, we dismiss Cadet's petition for review as to her asylum claim because we lack jurisdiction to review the IJ's and BIA's findings that it was not timely.

With regard to Cadet's claims seeking withholding of removal and CAT relief, she contends that the IJ and BIA erred in finding her testimony not credible. We ordinarily review only the BIA's decision, but to the extent that the BIA adopts the IJ's reasoning, we review the IJ's decision as well. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, although the BIA did not expressly adopt the IJ's decision, the BIA repeated the IJ's reasoning. Accordingly, we review both decisions. See id.

3

This Court reviews credibility determinations under the substantial evidence test. Forgue v. United States Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). That test instructs us not to substitute our judgment for that of the IJ, and we affirm adverse credibility findings if they are supported by "reasonable, substantial, and probative evidence," drawing all reasonable inferences in favor of the IJ's finding. Id.

Here the IJ's adverse credibility finding was supported by substantial evidence. The IJ observed that Cadet's testimony was marred by inconsistencies. Her application conflicted with her testimony regarding the names of her siblings and the name of the political group she claimed to have joined in Haiti. Moreover, although Cadet said that she had been the secretary for that political group, she appeared to know almost nothing about its operations or activities. She also asserted that after arriving in Miami she immediately found a place to stay and a job, though she could not remember where. Nor did Cadet provide any corroborating evidence for any of her assertions. Finally, the IJ opined that Cadet's emotional outbursts and the crying noises she made during her testimony appeared to be fake. In sum there is plenty of evidence to support the IJ's finding that Cadet's testimony was not credible. And in light of the fact that Cadet provided no corroborating evidence to bolster her testimony, the IJ's adverse credibility determination was "alone sufficient to support the denial" of her

application for withholding of removal and CAT relief.  Accordingly, we dismiss

Cadet's petition for review in part and deny it in part.

**PETITION DISMISSED IN PART AND DENIED IN PART.**