[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13917

_____

Agency Nos. A96-087-274
A96-087-275

MARILUZ HERNANDEZ,
CESAR AUGUSTO PINZON,

                                                        Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                        Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(August 19, 2009)

Before EDMONDSON, BLACK and SILER,* Circuit Judges.

PER CURIAM:

_____

    * Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting
by designation.

Mariluz Hernandez and her husband, Cesar Augusto Pinzon[1], petition us for review of the Board of Appeals' (BIA) decision dismissing their appeal from the Immigration Judge's (IJ) denial of their application for asylum and withholding of removal under the Immigration and Naturalization Act (INA), 8 U.S.C. § 1101 *et seq.*, and other relief under the United Nations Convention Against Torture (CAT). On appeal, Hernandez argues: (1) the IJ's adverse credibility determination was not supported by the record; (2) she suffered past persecution on account of her political opinion, and she established a well-founded fear of future persecution; (3) the IJ failed to review the record as a whole when evaluating her claim for withholding of removal; and (4) the IJ failed to sufficiently consider her eligibility for CAT relief as a distinct claim. After the benefit of oral argument, and reviewing the record and the parties' briefs, we deny the petition in part, and dismiss the petition in part.

## I. STANDARD OF REVIEW

"We review only the [BIA's] decision, except to the extent that it expressly adopts the IJ's opinion." *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). To the extent the BIA does adopt the IJ's reasoning, we review the IJ's reasoning as well. *Id.* Because the BIA did not expressly adopt the IJ's decision in this case, we review only the BIA's decision.

---

[1] Hernandez's asylum application named Pinzon as a derivative applicant. **[AR at 184]**

We review findings of fact under the substantial evidence test, which requires us to affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). Under this highly deferential standard, we view the record in the light most favorable to the BIA's decision and are bound by that decision unless a reasonable adjudicator would be compelled to conclude to the contrary. *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc). Accordingly, "even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Id.* at 1029.

## II. DISCUSSION

1. *The IJ's Adverse Credibility Determination*

Hernandez argues the IJ's adverse credibility determination was not supported by the record. The BIA, however, did not expressly adopt the IJ's adverse credibility determination and instead based its denial of relief solely on the fact that Hernandez failed to establish a nexus between the mistreatment she suffered and a protected ground. Because the IJ's adverse credibility determination formed no part of the BIA's final order, we decline to review it. *See Lopez v. U.S. Att'y Gen.* 504 F.3d 1341, 1344 (11th Cir. 2007) (findings that are made by the IJ,

3

but that are not adopted by the BIA and do not form any part of the final order, are not reviewable).

2.      *Past Persecution and Well-founded Fear of Future Persecution*

Hernandez argues the past persecution she suffered was clearly based on her political opinion.  She asserts she testified truthfully and cogently to being kidnaped, detained, and beaten on three separate occasions by the Revolutionary Armed Forces of Colombia (FARC).  With regard to the first incident, in December 2000, she contends the fact that she was singled out at a Christmas Novena established a well-founded fear of future persecution on account of her political opinion.   Hernandez also describes two other incidents in October 2001 and March 2002 in support of her asylum claim.

To establish eligibility for asylum, an alien must show she was persecuted on account of her race, religion, nationality, membership in a particular social group, or political opinion.  *See Al Najjar*, 257 F.3d at 1287; 8 C.F.R. § 208.13(b)(1).[2]  An alien who has not shown past persecution may still be entitled to asylum if she can demonstrate a "well-founded fear" of persecution by presenting "specific, detailed facts showing a good reason to fear that he or she

---

[2]  "The statutes governing asylum and withholding of removal protect not only against persecution by government forces, but also against persecution by non-governmental groups that the government cannot control, such as the FARC."  *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam).

will be *singled out* for persecution on account of" the statutorily listed factor. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005) (per curiam); 8 C.F.R. § 208.13(b)(2). To prevail, the applicant must demonstrate her fear of persecution is both subjectively genuine and objectively reasonable, and the persecution cannot be avoided by relocating within the subject country. *Sepulveda*, 401 F.3d at 1231.

Substantial evidence supports the BIA's finding that the mistreatment suffered by Hernandez did not constitute persecution on account of her political opinion. With respect to the December 2000 detainment, the record does not compel the conclusion that this incident was politically motivated. According to Hernandez's testimony, she was kidnaped and questioned for several hours before being released with a warning. However, she also testified this incident occurred while she was participating in a church-sponsored event that was unrelated to any political activity. Hernandez further admitted she did not begin working on Alvaro Uribe Velez's (Uribe) campaign until June 2001, and was not politically active at the time of the incident.[3]

With regard to the October 2001 and March 2002 incidents, they were not sufficiently severe to qualify as persecution. We have repeatedly stated

---

[3] Uribe was elected president of Colombia in 2002 after running as an independent candidate. **[AR at 134].**

5

persecution "is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation, and that mere harassment does not amount to persecution." *Sepulveda*, 401 F.3d at 1231 (internal quotations omitted). Moreover, "[n]ot all exceptional treatment is persecution." *Gonzalez v. Reno*, 212 F.3d 1338, 1355 (11th Cir. 2000); *see, e.g., Djonda v. U.S. Att'y Gen.*, 514 F.3d 1168, 1174 (11th Cir. 2008) (minor beating, even in conjunction with threats, did not compel finding of persecution); *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1289-92 (11th Cir. 2006) (per curiam) (no persecution where petitioner was dragged by his arms to a detention yard, detained for five days, forced to watch reeducation videos, stand in the sun for two hours, and sign a pledge not to practice his religion). In determining whether an alien has established past persecution, however, we must consider the cumulative impact of the persecutory incidents alleged. *Ruiz v. Gonzales*, 479 F.3d 762, 766 (11th Cir. 2007).

The October 2001 and March 2002 incidents were relatively brief, and there is no evidence Hernandez suffered any physical injuries during or as a result of the encounters. *See Zheng*, 451 F.3d at 1290 (record did not compel finding of past persecution where petitioner presented no evidence he was physically injured during a five-day detention); *cf. Ruiz*, 479 F.3d at 766 (record compelled finding of persecution where petitioner presented medical records documenting the injuries suffered during kidnaping). Accordingly, the mistreatment suffered by Hernandez

6

does not constitute the kind of mistreatment that would compel a reasonable factfinder to make a decision contrary to that made by the BIA in this case. *See Sepulveda*, 401 F.3d at 1231.

Substantial evidence also supports the BIA's finding that Hernandez failed to demonstrate a well-founded fear of persecution if returned to Colombia. Inasmuch as the events to which Hernandez testified did not amount to past persecution, Hernandez cannot rely on those events to establish a reasonable probability she will be singled out for persecution because of her political opinion. Further, aside from these non-persecutory incidents, Hernandez has not presented any other evidence tending to show her fear of persecution is objectively reasonable. Although she submitted evidence the FARC continues to engage in political killings, kidnapings, and torture, that evidence is not specific to Hernandez and thus does not compel a finding she has a well-founded fear of persecution if returned to Colombia. *See Mohammed v. U.S. Att'y Gen.*, 547 F.3d 1340, 1346 (11th Cir. 2008).

3.    *Withholding of Removal*

Hernandez argues the IJ failed to review the record as a whole when evaluating her claim for withholding of removal, and a reasonable fact finder could not conceivably have reached the same conclusions as the IJ.

To establish eligibility for withholding of removal under the INA, an applicant must demonstrate it is "more likely than not" she will be persecuted upon returning to her home country on account of a protected ground. *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002) (per curiam). Because "[t]his standard is more stringent than the 'well-founded fear of future persecution' required for asylum," *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1375 (11th Cir. 2006), an applicant who fails to establish eligibility for asylum is generally precluded from qualifying for withholding of removal, *see Al Najjar*, 257 F.3d at 1292-93. Accordingly, because Hernandez failed to establish a well-founded fear of persecution on account of a protected ground, she cannot satisfy the more stringent standard applicable to a claim for withholding of removal.

4.    *CAT Relief*

Hernandez contends the IJ failed to sufficiently consider her eligibility for CAT relief as a distinct claim. Because Hernandez failed to raise this issue in her notice of appeal or brief to the BIA, however, we lack jurisdiction to review the BIA's finding with regard to Hernandez's CAT claim. *See Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (per curiam) (holding we lack jurisdiction to consider claims with respect to which petitioner has not exhausted administrative remedies). The fact that the BIA addressed Hernandez's CAT claim *sua sponte* in its order affirming the IJ's decision does not change this

8

result. *See id.* Accordingly, we dismiss for lack of jurisdiction this aspect of Hernandez's petition challenging the BIA's denial of CAT relief.

### III. CONCLUSION

Because the evidence does not compel a finding Hernandez suffered past persecution or has a well-founded fear of future persecution on account of her political opinion, and because she failed to exhaust her administrative remedies with respect to her CAT claim, we deny the petition in part and dismiss it in part.

**PETITION DENIED IN PART** and **DISMISSED IN PART**.