[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14294
Non-Argument Calendar
_____

Agency No. A088-309-709


JULIO CESAR MIRANDA,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 5, 2013)

Before CARNES, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Julio Miranda seeks review of the Board of Immigration Appeals' decision upholding the Immigration Judge's denial of his application for withholding of removal. Miranda challenges the BIA's determination that he was not eligible for withholding of removal because he failed to show either past persecution because of a protected ground or a clear probability of future persecution.

I.

Miranda, a native and citizen of Chile, entered the United States on a visitor visa and remained longer than permitted. In 2009 he was charged with being removable under § 237(a)(1)(B) of the Immigration and Nationality Act. See 8 U.S.C. § 1227(a)(1)(B). Miranda filed an application for withholding of removal, alleging persecution based on his political opinion. He submitted an affidavit stating that he worked as a law clerk at the Criminal Court in Santiago and that in 2000 he was assigned a case involving the Chilean army's attempt to defraud an insurance company.

At his merits hearing, Miranda testified that after he discovered that members of the Chilean army participated in the alleged fraud, an army officer warned him that his life would be in danger if he investigated further. He also received about 15 anonymous telephone calls from people warning that he "shouldn't investigate" or "delve into the . . . matter more in depth." He did not report those threats to the Chilean authorities because he believed that doing so

2

would be futile.  Instead, he requested an unpaid leave of absence and fled to the United States.

The IJ found Miranda's testimony credible but denied relief.  The IJ concluded that the threats Miranda received did not rise to the level of past persecution and that Miranda failed to show that any alleged persecution was because of his political opinion.  The IJ also concluded that Miranda failed to show a clear probability of future persecution.  The BIA agreed and dismissed Miranda's appeal, and he has petitioned this court for review. [1]

## II.

We review the BIA's factual findings under a "highly deferential" substantial evidence test whereby we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Al Najjar v. Ashcroft, 257 F.3d 1262, 1283–84 (11th Cir. 2001) (quotation marks omitted).  In other words, we will reverse the BIA only if we find that the record compels reversal.  See Fahim v. United States Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002).

An applicant seeking withholding of removal must establish that his "life or freedom would be threatened in that country because of [his] race, religion,

---

[1] Miranda also sought relief under the United Nations Convention Against Torture, which the BIA denied.  He has abandoned that issue on appeal by failing to raise it in his brief.  See Sepulveda v. United States Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

3

nationality, membership in a particular social group, or political opinion." 8

U.S.C. § 1231(b)(3)(A). An applicant bears the burden of showing either: (1) past

persecution in his country based on a protected ground or (2) that it is more likely

than not he will be persecuted based on a protected ground upon removal to his

home country. Tan v. United States Att'y Gen., 446 F.3d 1369, 1375 (11th Cir.

2006). Persecution is "an extreme concept," and "mere harassment" does not

constitute persecution. Sepulveda v. United States Att'y Gen., 401 F.3d 1226,

1231 (11th Cir. 2005) (quotation marks omitted).

### III.

Miranda contends that the threats he received were based on his involvement

in Chile's transitional, democratic judiciary and the political beliefs associated with

that involvement. The record, however, does not compel the conclusion that the

threats Miranda received were based on his political opinion. Those threats simply

warned Miranda to stop his investigation into the army's alleged fraud. Neither the

army nor the anonymous callers ever expressed any interest in Miranda's political

opinion. See Sanchez v. United States Att'y Gen., 392 F.3d 434, 437–38 (11th Cir.

2004) (holding that persecution based on a refusal to cooperate with illegal activity

does not qualify as persecution because of political opinion). And in any event, the

BIA correctly concluded that the threats Miranda received do not amount to

4

persecution.  See Sepulveda, 401 F.3d at 1231 (holding that "menacing" telephone threats do not rise to the level of past persecution).

Miranda also contends that there is a clear probability of future persecution because the military regime in Chile is still powerful and could retaliate against him for his investigation into its fraudulent practices.  The record, however, supports the BIA's determination that Miranda's fear of future persecution is speculative.  As the BIA pointed out, Miranda's fears are based on threats he received while conducting an investigation over a decade ago.  Moreover, Miranda complied with the threats by discontinuing his investigation and fleeing to the United States.  Miranda did not present any evidence to suggest that anyone in Chile, military or civilian, has any current interest in harming him.  Because his fears were based only on speculation, the BIA correctly concluded that Miranda failed to demonstrate a clear probability of future persecution.  See Tan, 446 F.3d at 1375 (noting that to obtain withholding of removal, the applicant must demonstrate that it is "more likely than not" that he will be persecuted upon being returned to his home country).

**PETITION DENIED.**

5