[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 21-10073

Non-Argument Calendar

————————————————

ELSY NOHEMY MARTINEZ-BOBADILLA,
CHRISTOPHER ALEXANDER MONCADA-MARTINEZ,

Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

————————————————

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A208-545-450

————————————————

Before LUCK, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Elsy Martinez-Bobadilla, on behalf of herself and her son (collectively, "Martinez Bobadilla"), both Honduran citizens, petitions this Court for review of an order by the Board of Immigration Appeals ("BIA") adopting the decision of an immigration judge to deny her application for asylum and withholding of removal.[1]

The immigration judge denied relief after concluding, *inter alia*, that Martinez-Bobadilla had not shown past persecution based on a political opinion and, since there was no past persecution, there was no presumption that she had a well-founded fear of future persecution. The immigration judge noted that Martinez-Bobadilla remained in the same town in Honduras for two months after she stopped working for a targeted organization, during which time neither she nor her coworkers suffered any harm. The immigration judge also noted that the organization had since shut down, so Martinez-Bobadilla would not be working with it in the

---

[1] Martinez-Bobadilla also sought relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). Both the immigration judge and the BIA, however, denied the CAT claim. But Martinez-Bobadilla makes no argument challenging the CAT denial on appeal. Because she does not challenge the denial of the CAT claim on appeal, she has abandoned any issue as to the denial of CAT relief in her case. *See Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 797 n.2 (11th Cir. 2016).

future. Ultimately, the immigration judge concluded that Martinez-Bobadilla did not demonstrate a well-founded fear of future persecution.

Martinez-Bobadilla now argues that the immigration judge's order reflects a lack of reasoned consideration. She further argues that the record did not support the immigration judge's finding that she lacked a well-founded fear of future persecution.[2] The government, in turn, responds that we lack jurisdiction to consider her first argument because she did not raise it before the BIA.

We address each of these points in turn.

## I.

We review our own subject matter jurisdiction *de novo*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). When appropriate, we will likewise review an argument that the agency failed to give reasoned consideration to an issue *de novo*. *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 799 (11th Cir. 2016).

We may review a final order of removal only if the petitioner has exhausted "all administrative remedies available to [her] as of right." 8 U.S.C. § 1252(d)(1). When a petitioner has failed to assert an error before the BIA and then attempts to raise that error

---

[2] Martinez-Bobadilla does not challenge the findings of the immigration judge and BIA that: (1) her proposed particular social group was not cognizable; and (2) she did not show past persecution. Accordingly, any issue as to those findings are abandoned. *See Jeune*, 810 F.3d at 799.

here, she has failed to exhaust administrative remedies and we lack jurisdiction to consider the issue. *Jeune*, 810 F.3d at 800. This requirement applies not only to the remedy requested, but as well to each particular claim of error. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1297–98 (11th Cir. 2015).

Here, we conclude that because Martinez-Bobadilla failed to exhaust her claim that the immigration judge's decision lacked reasoned consideration, we are without jurisdiction to consider it. In her brief before the BIA, she made no reference to a lack of reasoned consideration either in name or substance. She did not claim, as she does here, that the immigration judge's opinion was "undecipherable" or that the basis of its decision was not determinable. Rather, she argued only that she had met her burden to establish eligibility for asylum because she was persecuted on account of her political opinion and membership in a particular social group. This is not sufficient under § 1252(d)(1). *See Jeune*, 810 F.3d at 799–801. Accordingly, we dismiss the petition as to this issue.

## II.

We review only the final decision of the BIA, but when the BIA expressly adopts the immigration judge's decision on an issue, we will review the immigration judge's decision on that issue as well. *See id.* We review the BIA's legal determinations *de novo*, but review its findings of fact for substantial evidence. *Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1192 (11th Cir. 2021). Under the substantial evidence standard, "we view the record evidence in the light most favorable to the agency's decision and draw all

reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004). We may reverse the BIA's factual determinations only "when the record compels a reversal." *Id.*

To establish eligibility for asylum, a petitioner must show either past persecution, or a well-founded fear of future persecution, on account of a protected ground. *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006). Persecution is an "'extreme concept' requiring 'more than a few isolated incidents of verbal harassment or intimidation[;] . . . mere harassment is not persecution.'" *Ruiz v. Gonzales*, 479 F.3d 762, 766 (11th Cir. 2007) (quoting *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005)).

Whether a petitioner has established a well-founded fear of future persecution is a factual determination that this Court reviews under the substantial evidence test. *See Sepulveda*, 401 F.3d at 1231. To show future persecution in the absence of past persecution, a petitioner must show that her well-founded fear of future persecution is "both subjectively genuine and objectively reasonable." *Ruiz*, 440 F.3d at 1257. "The subjective component is generally satisfied by the applicant's credible testimony that he or she genuinely fears persecution." *De Santamaria v. U.S. Att'y Gen.*, 525 F.3d 999, 1007 (11th Cir. 2008) (quoting *Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1232 (11th Cir. 2007)). To meet the objective prong, however, the applicant must present "specific, detailed facts showing a good reason to fear that [s]he will be singled out for persecution on account of [a protected ground]." *See Ruiz*,

440 F.3d at 1258 (quoting *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1287 (11th Cir. 2001)).

In a withholding of removal claim, an alien shall not be removed to a country if his life or freedom would be threatened on account of a protected ground. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien must show that it is "'more likely than not' she will be persecuted . . . upon being returned to her country." *Sepulveda,* 401 F.3d at 1232 (quoting *Fahim v. U.S. Att'y Gen.*, 278 F.3d 1216, 1218 (11th Cir. 2002)). If an applicant is unable to meet the lower burden for asylum relief, she is generally precluded from establishing eligibility for withholding of removal. *See Murugan*, 10 F.4th at 1196.

Here, the record supported the immigration judge's finding that Martinez-Bobadilla's fear of future persecution was not well-founded. As the immigration judge noted, she was able to live in the same town in Honduras for two months without incident after she stopped working with the targeted organization. And while she introduced evidence that gang violence was a pervasive problem in Honduras, that evidence did not indicate that she or people similarly situated to her were likely to be singled out for retaliatory violence. Moreover, the fact that some of the individuals she worked with at the organization were not subject to persecution—including individuals who were higher up in the organization than she—undermined the objective foundation of her fear of persecution.

Martinez-Bobadilla's own testimony, even if sufficient to establish a subjective fear of future persecution, only indirectly related to an objective fear. It, and the reports attached to her application, showed that she was aware of discrete incidents of violence, that the gang members threatened her once, and that they had a reputation for violence. Nevertheless, it did not show that what she suffered in the past rose to the level of persecution, nor was it so overwhelming that it compelled a conclusion that she would be singled out and subjected to acts amounting to persecution based on her political opinion in the future—particularly when she and her coworkers had gone unharmed for two months and their organization had shut down. *See Adefemi*, 386 F.3d at 1027. Accordingly, we deny the petition in this respect.

**PETITION DISMISSED IN PART AND DENIED IN PART.**